■ In the Matter of RICHARD MACEY, Respondent, v UNINSURED EMPLOYERS' FUND, Appellant, and LOUIS P. ROBARE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered September 4, 1979 in Essex County, which granted petitioner Richard Macey's application, pursuant to subdivision 5 of section 29 of the Workers' Compensation Law, for a *nunc pro tunc* order confirming settlement of his third-party personal injury action. In 1970, Macey suffered serious injuries while in the employ of one Belanger when he fell from a ladder while painting the roof of premises owned by the Robares. He had received more than $29,000 in workers' compensation benefits from the respondent Uninsured Employers' Fund when, in 1977, the fund challenged his continued right to receive benefits. In 1978, a third-party negligence action Macey had instituted against the Robares and which had its origin in his 1970 accident was settled for $7,000. Because it was to be compromised for less than the sum paid by the fund to or on behalf of Macey, it was necessary, if a valid settlement was to be effected, that written consent of the compromise be obtained from the fund (Workers' Compensation Law, § 26-a, subd 7-a). That approval, however, was not sought. To cure this deficiency, petitioner, in July, 1979, moved, upon notice to the fund, for an order confirming the settlement *nunc pro tunc,* as of March 17, 1978. The application was brought on before a Justice other than the one who had participated in the 1978 settlement negotiations and was granted. This appeal followed. Subdivision 7-a of section 26-a of the Workers' Compensation Law does not insu-

late the fund from the reach of a compromise order, for the subsequently enacted provisions of subdivision 5 of section 29 of the statute declare that written approval of a compromise effected by an employee entitled to compensation need not be obtained if the employee obtains a compromise order from a Justice of the court in which the third-party action was pending. Although the court was empowered to grant the sought after compromise order *(Matter of Norton v Albany Appliance Dist.,* 79 AD2d 1053), we find the moving papers which prompted the court's favorable action to be woefully inadequate. Since they lack a very considerable portion of the detailed information the statute requires, we are compelled to reverse. Petitioner is granted leave to move at Special Term, upon proper papers, for the *nunc pro tunc* compromise order he seeks. At that time, the parties' claims respecting the reasonableness of the amount of the settlement, as well as counsel's fee, the timeliness of the application for its approval and the prejudice, if any, to the fund occasioned by the delay in applying for court approval of the compromise, can be heard *(Balkam v Miesemer,* 74 AD2d 629; *Matter of Kusiak v Commercial Union Assur. Cos.,* 49 AD2d 122). Order reversed, on the law, without costs, and application denied with leave to renew upon proper papers. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.