Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

Dominick Capobianco, Respondent, v. Continental Vending Machine Corp., Defendant. Commissioners of the State Insurance Fund, Appellants.

Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.

Morton T. Feldman, Appellant, v. Chaim Fraiman et al., Doing Business as Crown Realty Co., Respondents. No opinion. Beldock, P. J., Christ, Brennan and Munder, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: It is time that the difference in treatment, depending on whether an action is in law or in equity, of a failure to perform on the closing date in a contract for the sale of real property (in the absence of a provision making the date of closing of the essence of the contract) be abolished (cf. *Grady* v. *Balmain*, 28 A D 2d 702). The equitable rule that a notice making time of the essence must first be given to the party to be charged should be adopted, no matter what the form of the action may be. I vote to affirm here, however, because plaintiff failed to show his ability to perform within the time he requested for the adjournment of the closing.

Herbert S. Freiman, as Parent of Karyl Freiman, an Infant, Appellant, v. Norman Miller, Respondent.

Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.