■ In the Matter of the Claim of JOSEPHINE PALKO, Appellant. DELSON CANDY COMPANY, Respondent; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from benefits on the ground that she voluntarily left her employment without good cause. The board chose to reject claimant's testimony that when she complained of the conditions, principally with respect to drafts and temperature, under which she worked, the employer discharged her. The board affirmatively found that the working conditions were not unfavorable and that after a number of previous difficulties and differences the employer told claimant on a particular day that if she left for the day, as she threatened to do, her services would be terminated, and that when she left nevertheless, her dismissal followed. Claimant had other difficulties with the employer and although her own union found no basis for her various complaints, the employer seems to have treated her with kindness and forbearance. In any event, the factual issues, including questions of credibility, were for determination by the Unemployment Insurance Appeal Board and this record demonstrates no basis upon which we could interfere with its decision. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of the Claim of LORETTA RHODES, Appellant, v. LAKEVIEW FIRE DISTRICT, HOOK & LADDER Co. No. 1 et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board which found a third-party action was settled without carrier's consent (Workmen's Compensation Law, § 29, subd. 5) and which cut off a biweekly award to claimant. Claimant's husband was a volunteer fireman. He was struck by a car causing injuries which proved fatal and claimant was awarded compensation as his surviving widow. Her attorney commenced a negligence action against the driver of the car and this was settled for $7,500. Claimant alleges that she thought the funds were being used to satisfy the lien of the carrier, the State Fund, although they had no knowledge of the settlement and apparently the attorney absconded. The State Fund, upon learning of the settlement, started an action for the amount of its lien and this was ultimately compromised for $5,000. The State Fund also reopened the compensation case and had the payments to claimant terminated for failure to obtain its consent to the third-party settlement. Claimant appeals the decision terminating her compensation award contending that since the State Fund has been paid by its acceptance of the $5,000 in full satisfaction of its lien, its lien is extinguished and the widow should not be penalized under subdivision 5 of section 29, because of the improper conduct of her attorney. The cases cited by claimant do not mandate the relief sought by her and there is nothing in the record which permits us to reverse the board as a matter of law. Subdivision 5 of section 29 relieves the carrier of liability where a third-party action is compromised, as here, without the carrier's consent (*Matter of Duffy* v. *Fuller Co.*, 21 A D 2d 725; *Matter of Rushford* v. *Perini Corp.*, 24 A D 2d 775). Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.