In the Matter of MARY NACHISON, Respondent, *v.* PHOENIX OF HARTFORD INSURANCE COMPANY, Appellant; JAMES MONTANYE et al., Respondents.

Third Department, November 4, 1968.

*Dugan, Casey, Burke & Lyons* (*Ernest P. Lyons* of counsel), for appellant.

*Taub, Weiss & Rosenstein* (*Leonard A. Weiss* and *Isador Taub* of counsel), for Mary Nachison, respondent.

*Charles E. Carpenter* for James Montanye and another, respondents.

STALEY, JR., J.   This is an appeal from an order of Supreme Court which approved a compromise settlement of a third-party negligence action pursuant to the provisions of subdivision 5 of section 29 of the Workmen's Compensation Law.

The petitioner-respondent was injured on September 26, 1963 while riding as a passenger in an automobile owned and operated by Fred Jack, when it came into collision with an automobile owned and operated by James Montanye in the business of his employer, Rubin Glass & Mirror Co., Inc.   The petitioner and her husband commenced a negligence action against Jack and Montanye and thereafter commenced a negligence action against Rubin Glass & Mirror Co., Inc., which actions were consolidated for trial.

In his answer Jack alleged that he was a coemployee of petitioner and that the accident occurred during the course of their employment, and he interposed a defense that petitioner's sole remedy was under the Workmen's Compensation Law.

On April 5, 1967, more than a year after the second negligence action had been commenced, petitioner filed a notice of claim with the Workmen's Compensation Board for compensation against her employer.   The appellant carrier filed a notice of controversy on April 13, 1967 contesting accident, notice, causal relationship and compliance with section 28 of the Workmen's Compensation Law.

The consolidated action was reached for trial at the May 1967 Trial Term of the Supreme Court in Albany County and, prior

to the selection of a jury, petitioner and her husband voluntarily discontinued their action against defendant Jack. Thereafter, during the trial, a tentative settlement of petitioner's action against the other two defendants was reached in the sum of $22,500. At the time of the settlement the court directed the plaintiffs to discuss the proposed settlement with the workmen's compensation insurance carrier of petitioner's employer.

On June 13, 1967, petitioner commenced a proceeding returnable June 16, 1967 pursuant to subdivision 5 of section 29 of the Workmen's Compensation Law for an order compromising and settling the claim of petitioner against the defendants Montanye and Rubin Glass & Mirror Co., Inc. After a hearing held on June 16, 1967, the court denied the appellant's application for a continuance, and granted an order approving the compromise settlement.

Subdivision 5 of section 29 of the Workmen's Compensation Law was amended by chapter 840 of the Laws of 1966 to provide for court approval of a compromise settlement of a third-party action without the written consent of the insurance carrier and reads as follows: '' However, written approval of the commissioners of the state insurance fund or such officer thereof designated by them or written approval of the person, association, corporation, or the insurance carrier need not be obtained if the employee or his dependents obtain a compromise order from a justice of the court in which the third-party action was pending. The papers upon an application to compromise and settle such a claim shall consist of the petition, the affidavit of the attorney, and the affidavit of one or more physicians.''

Subdivision 5 further requires that a copy of the papers to be used on the application to compromise and settle the claim must be served on the workmen's compensation insurance carrier whose written consent to the compromise would otherwise have been required, and that the notice of motion should afford the carrier an '' opportunity to submit affidavits and to be heard by the court on the application.''

Prior to the 1966 amendment a plaintiff was required to obtain written consent from the compensation carrier of a proposed settlement in a third-party action. Its sole purpose was '' to prevent imprudent settlements of such suits by the employee or his estate to the prejudice of the employer's (or carrier's) subrogation rights.'' (*Matter of Meachem* v. *New York Cent. R. R. Co.*, 8 N Y 2d 293, 297.) Thus, a claimant who settled a third-party action without the carrier's consent was denied deficiency compensation and, in many instances, the carrier arbitrarily

refused to give its consent to a proposed settlement regardless of how fair or generous the proposal might have been. Referring to subdivision 5 of section 29 this court stated in *Matter of Clark* v. *Oakes & Burger Co.* (16 A D 2d 490, 491–492): " Our courts in cases involving this section have remorselessly denied deficiency compensation in all cases where a compromise or settlement has been made between the claimant and the third party without the carrier's consent even when the settlement proved advantageous to or in any event did not prejudice the carrier."

Recognizing that an alternative method to the requirement for written consent by the carrier to a proposed settlement was desirable, the Judicial Conference proposed the amendment to subdivision 5 of section 29 (Annual Reports of N. Y. Judicial Conference, 1958 through 1962) ultimately enacted by chapter 840 of the Laws of 1966 stating its reasons for proposing the amendment as follows: " Subdivision 5 of section 29 of the Workmen's Compensation Law presently provides that a plaintiff must obtain written approval of a proposed settlement in a third-party action. This provision of section 29 is to protect the insurer as to the amount of the deficiency; it has no other purpose. This proposed legislation intended to offer a method whereby the plaintiff may settle his action without consent of the insurer and still retain his right to further compensation. The method provided is analogous to the compromise and settlement procedure of an infant's claim. In addition, the insurer is afforded further protection by notice of the proposed settlement and the opportunity of pointing out to the court the possible inadequacy of the settlement." (Seventh Annual Report of N. Y. Judicial Conference, 1962, p. 16.)

The appellant contends that the trial court was without jurisdiction to conduct a hearing on the application for approval of the compromise settlement, by reason of the fact that no liability for deficiency compensation had been established against it, and that the issues of employee election, accident, notice, causal relation and timely notice of claim were pending before the Workmen's Compensation Board, and had not been determined by it. The appellant, therefore, claims that the resolution of such issues was a condition precedent to a determination in a proceeding pursuant to subdivision 5 of section 29 of the Workmen's Compensation Law.

Special Term held at the hearing that it was not reviewing any of the issues pending before the Workmen's Compensation Board, but merely determining upon the papers before it and, after hearing counsel on both sides, whether the proposed com-

promise settlement was a reasonable one, and should be approved by a Justice of the court in which the third-party action was pending. Subdivision 5 of section 29, contains no provision requiring a determination by the Workmen's Compensation Board of appellant's liability prior to court approval of the compromise settlement. The contention of the appellant that the granting of a compromise order prior to a determination of its liability by the Workmen's Compensation Board is unauthorized, would defeat the purpose of the statute. The provisions of the statute providing for approval of a compromise settlement were fully complied with, and the order was properly granted. (*Matter of Volpe* v. *Fireman's Fund Ins. Co.*, 54 Misc 2d 212.)

The appellant further contends that the court's denial of its request for a continuance was error. At the hearing, appellant's counsel was asked by the court if he wanted time to submit an answering affidavit, which question was not directly answered, but instead two motions were made by appellant's counsel; one on the question of jurisdiction, and the other for a continuance. Counsel for appellant stated that he would like a continuance so that he could take depositions and prepare affidavits, and have a full scale trial of the issues as to whether or not the settlement was reasonable from the point of view of the compensation carrier. It is not clear whether he intended to litigate before the court the issues pending before the Workmen's Compensation Board, or the reasonableness of the settlement based on petitioner's papers before the court.

In this case the appellant was given an opportunity to submit affidavits which, as we have said, was refused and sought instead " full scale trial of the issues ". Even now on appeal, counsel does not particularize as to what he wished to present in the form of affidavits.

The sole issue before the court was whether or not the amount of the proposed compromise settlement was reasonable and, after hearing the parties, it was within the court's discretion to deny any further disclosure inquiry. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3103.01, 3120.21.)

The record of the hearing supports the court's denial of the motion for a continuance and the fact that appellant had sufficient notice and opportunity to be fully heard.

The order should be affirmed, with costs to petitioner-respondent.

GIBSON, P. J., HERLIHY, AULISI and GABRIELLI, JJ., concur.

Order affirmed, with costs to petitioner-respondent.