GEORGE SCHNABEL, Appellant, v. LOREN GRIMES et al., Respondents. HYGRADE FOOD PRODUCTS CORPORATION, Respondent.

Second Department, March 17, 1969.

*Markhoff, Gottlieb, Lazarus, D'Auria, Taylor & Maldonado* (*Abraham Markhoff* of counsel), for appellant.

*Di Fede & Martoccia* (*Joseph Di Fede* of counsel), for Hygrade Food Products Corporation, respondent.

CHRIST, Acting P. J.   The order under review granted the plaintiff's application, pursuant to subdivision 5 of section 29 of the Workmen's Compensation Law, to settle this negligence action to recover damages for personal injuries, but denied his request that his employer, a self-insurer under the Workmen's Compensation Law, be directed to approve the settlement.   The question presented is the effect of the direction in the order approving the compromise.

The facts are not in dispute.   On April 5, 1961 the plaintiff, an employee of Hygrade Food Products Corporation, was injured in an auto accident while working.   Hygrade is a self-insurer under the Workmen's Compensation Law.   The plaintiff commenced this action against the defendants, Grimes and Lewis, in 1963. After the action had been denied a general preference in November, 1966, the defendants offered $3,750 in settlement of the plaintiff's claim.   The plaintiff was agreeable but Hygrade refused to consent to the settlement.

In October, 1967, the plaintiff, pursuant to subdivision 5 of section 29 of the Workmen's Compensation Law, applied for leave to settle the action and for a direction that Hygrade consent to the settlement.   Hygrade opposed the application, asserting that the plaintiff was still partially disabled as a result of his injuries.   Hygrade argued that if it consented to the settlement or the court directed it to consent, the plaintiff would then be able to make further claims under the Workmen's Compensation Law for his injuries but Hygrade would be deprived of its right of subrogation against the defendants who had caused the accident.

Special Term granted the plaintiff's application for a compromise order but stated that it could not compel Hygrade to approve or consent to the settlement; that there was no basis in law by which the court could deprive Hygrade of any rights it has; and that there was no clear-cut language in the statute relied on giving the plaintiff the right to such a direction. The order under review granted reargument but adhered to this determination, except for an amendment not relevant here.

Subdivision 5 of section 29 of the Workmen's Compensation Law requires written approval of a compromise of a third-party action by the insurer who would be liable to pay the difference between the compensation to which the injured employee would be entitled under the Workmen's Compensation Law and the amount of the settlement if the latter amount is less than such compensation. Settlement of a third-party action without the insurer's approval relieves it of further compensation liability (*Matter of Rhodes* v. *Lakeview Fire Dist., Hook & Ladder Co. No. 1*, 29 A D 2d 600; *Matter of Duffy* v. *Fuller Co.*, 21 A D 2d 725). Prior to September 1, 1966 (the effective date of the statutory amendment discussed below), therefore, if the plaintiff in a third-party action could not obtain written approval of the settlement from the compensation insurer, part of the price of settlement was a waiver of further compensation benefits.

In 1966, subdivision 5 of section 29 was amended to provide that written approval of the compensation insurer need not be obtained if the employee or his dependents obtain a compromise order from a Justice of the court in which the third-party action is pending (L. 1966, ch. 840). The amendment set forth the nature and content of the papers to be submitted on the application and provided for service of such papers on the compensation insurer in order to afford it an opportunity to submit affidavits and to be heard by the court on the application.

In the instant case, Special Term approved the compromise of the action but refused to direct Hygrade to approve or consent to the settlement. This refusal was proper since subdivision 5 of section 29 provides that a compromise order dispenses with the need for approval by the insurer. Special Term's opinions indicate, however, that it thought Hygrade would be unaffected by the approval of the compromise. The plaintiff, having appealed, is apparently of the same mind. In our opinion, however, the granting of the compromise order permits the plaintiff to settle the action *and* preserves his rights to subsequent compensation benefits (*Matter of Nachison* v. *Phoenix of Hartford Ins. Co.*, 30 A D 2d 499, 502; *Matter of Volpe* v. *Fireman's Fund Ins. Co.*, 54 Misc 2d 212, 216). Since court approval of the compromise dis-

penses with the need for approval by the compensation insurer, the insurer cannot object to claims for further compensation benefits on the basis that the plaintiff settled the action without its consent.

We think it apparent that court approval of the compromise was intended to have that effect. If court approval of an application for a compromise order would not affect the rights of the compensation insurer, there would be no reason for the application. The plaintiff otherwise could have settled the action without approval of either the court or the compensation insurer. He needed court approval or insurer consent to settle *and* retain his rights to further compensation. The care taken in the 1966 amendment to provide for notice to the insurer and opportunity for it to oppose the application was meaningless if the insurer is left unaffected by court approval of the settlement.

Accordingly, Special Term properly refused to direct the insurer to consent. Court approval of the compromise application dispensed with the need for such consent. We nevertheless reverse, on the law, without costs and remit the application to Special Term since it is possible that its approval of the application was not considered in light of the full legal consequences. We have not passed on the merits of the proposed settlement and merely note that Special Term has broad discretion in framing a compromise order consistent with the interests of the parties.

BRENNAN, RABIN, HOPKINS and KLEINFELD, JJ., concur.

Order reversed insofar as appealed from, on the law, without costs, and application remitted to the Special Term for further proceedings not inconsistent with the opinion rendered herewith. The findings of fact below have not been affirmed.