In the Matter of STANLEY KUSIAK, Respondent, v COMMERCIAL UNION ASSURANCE COMPANIES, Appellant.

Fourth Department, October 24, 1975

*Fraser, McDonough, Digby & Connelly (James R. Digby* and *John F. McDonough* of counsel), for appellant.

*Langan, Grossman, Kinney & Dwyer (John P. Kinney* of counsel), for respondent.

CARDAMONE, J. Petitioner, Stanley Kusiak, injured during the course of his employment, obtained judicial approval of a compromise and settlement of his third-party negligence action. Respondent-appellant, Commercial Union Assurance Companies (Commercial Union) the compensation carrier for Kusiak's employer, has appealed from the order at Special Term which approved the $10,000 settlement, discharged the third-party tort-feasor and ordered petitioner to pay Commercial Union the sum of $2,556.50 representing the amount of the lien held by it on account of medical expenses incurred by petitioner which it paid.

In February, 1973 petitioner Stanley Kusiak, an employee of Massachusetts Mutual Life Insurance Company, was riding in an automobile owned and operated by a fellow employee on his employer's business. The car that petitioner was riding in was struck by a vehicle owned and operated by Howard Sperbeck. As a result of the accident petitioner sustained serious injuries and commenced an action in Onondaga County Supreme Court against Sperbeck for damages. A claim was filed with the Workmen's Compensation Board, but no compensation was paid because of a wage continuation program although the employee's carrier, Commercial Union, as noted, did pay the medical bills that were submitted.

In October, 1973, a settlement was entered between petitioner and Sperbeck in the sum of $10,000, Sperbeck's entire insurance policy limit. Respondent received written and oral notice of petitioner's action against Sperbeck and in April, 1973 served a notice of lien on petitioner's attorney and on the Workmen's Compensation Board. Upon learning of the settlement in the third-party action, respondent, by letter, notified petitioner's attorney of the amount of the lien which stood at $2,556.50. Petitioner's attorney satisfied the lien from the settlement proceeds. It is undisputed that respondent never approved of or consented to the settlement of the third-party action.

When the workmen's compensation claim came before a Workmen's Compensation Board referee on February 15, 1974 neither the petitioner nor his attorney appeared. The referee made the following award and decision: "The employer and/or

the Insurance carrier are directed to pay at once. Closed-Accident, notice and causal relation established for right leg. No Consent". Petitioner, thereafter, commenced a proceeding on April 16, 1974 for a compromise order approving the October, 1973, settlement. Respondent had notice of the proceeding and submitted a responding affidavit.

The main gist of Commercial Union's argument on this appeal is that petitioner entered into a compromise settlement without its approval or consent as the insurance carrier; that a compromise order cannot issue, *nunc pro tunc*, under section 29 of the Workmen's Compensation Law; and that the determination of the Workmen's Compensation Board referee finally decided the matter and such award should have *res judicata* effect, denying petitioner all rights to future compensation.

Prior to September 1, 1966 a compromise of any "such cause of action by the employee" at an amount of less than the compensation provided for by the chapter could be made only with the written approval of the carrier. The purpose of such a consent provision was to prevent settlements which might prejudice the rights of the carrier (see *Matter of Meachem v New York Cent. R. R. Co.,* 8 NY2d 293). Settlement of a third-party action without the insurer's approval relieved the insurer of further liability under the act (see *Matter of Nachison v Phoenix of Hartford Ins. Co.,* 30 AD2d 499, 501–502; *Matter of Rhodes v Lakeview Fire Dist., Hook & Ladder Co. No. 1,* 29 AD2d 600; *Matter of Duffy v Fuller Co.,* 21 AD2d 725; *Matter of Clark v Oakes & Burger Co.,* 16 AD2d 490, 491–492). Chapter 840 of the Laws of 1966, however, amended subdivision 5 of section 29 of the Workmen's Compensation Law and provided that written approval of or consent to a settlement need not be obtained from an insurance carrier if the employee obtains a compromise order from the Justice of the court in which the third-party action was pending.

Commercial Union contends that since the settlement was entered between the petitioner employee and the third party nine months prior to the application in Supreme Court, Special Term was not empowered to issue a compromise order *nunc pro tunc.*

Clearly, it would be better practice for a petitioner to seek the compromise order prior to the finalization of the settlement, so that the insurance carrier could have an opportunity to help shape the settlement between the employee and the

third party. An employee who finalizes the settlement without approval or consent of the insurance carrier and prior to seeking a judicial compromise order runs the risk of having his application for a compromise order rejected by the court, thereby losing all rights to subsequent and further compensation under the Workmen's Compensation Law. Subdivision 5 of section 29 of the Workmen's Compensation Law provides, however, that the application may properly be made to "a justice of the court in which the third-party action *was* pending" (emphasis added), (cf. *Schnabel v Grimes,* 31 AD2d 375, 377). Appellant has incorrectly contended that the approval of the compensation insurer is dispensed with only if the employee obtains a compromise order from a Justice of the court in which the third-party action *is* pending. If the legislation were worded as appellant claims, a strong argument could be made that once the third-party action is settled it no longer is pending and, therefore, the court has no authority to issue a compromise order. However, since the legislation uses the past tense it implies that the court in which the action *was* pending retains jurisdiction to issue a compromise order even after a settlement is finalized and the third-party action is no longer pending.

In this case Commercial Union received notice of the application, submitted an affidavit in response thereto, and had an opportunity to be heard. "The care taken in the 1966 amendment to provide for notice to the insurer and opportunity for it to oppose the application was meaningless if the insurer is left unaffected by court approval of the settlement" *(Schnabel v Grimes,* 31 AD2d 375, 378). Since court approval of the compromise dispenses with the need for approval by the compensation insurer, the insurer cannot object to claims for further compensation benefit on the basis that the plaintiff settled the action without its consent. Further, the granting of the compromise order permits petitioner to settle the third-party action and preserve his rights to subsequent compensation benefits *(Schnabel v Grimes, supra,* p 377; *Matter of Nachison v Phoenix of Hartford Ins. Co.,* 30 AD2d 499, 502, supra; Matter of Volpe v Fireman's Fund Ins. Co.,* 54 Misc 2d 212, 216).

The proceeding at Special Term was not a review of any of the issues pending before the workmen's compensation referee, but merely a determination upon the papers before it and, after hearing counsel, whether the compromise settle-

ment was a reasonable one that should be approved by a Justice of the court in which the third-party action was pending *(Matter of Nachison v Phoenix of Hartford Ins. Co., supra,* pp 502–503). The sole issue before Special Term, therefore, was whether the compromise settlement was a reasonable one. Since the issues before the referee and Special Term were different, appellant's argument that the findings of the Workmen's Compensation Board referee should have *res judicata* effect is without merit.

Petitioner incurred a serious injury and underwent surgery to correct a medial, tibial plateau fracture of the right knee. He accrued medical expenses totaling $2,556.50 but suffered no loss of earnings and there is no indication that in the future additional losses will be incurred. The settlement between petitioner and the third party was for the full limit of the third party's insurance policy, petitioner's lawyer reduced his fee from one third of the settlement to $1,200, and respondent's affidavit in opposition does not contest the reasonableness of the settlement. We conclude that Special Term correctly determined that the settlement was reasonable and properly issued the compromise order.

The order should be affirmed.

MARSH, P. J., SIMONS, GOLDMAN and WITMER, JJ., concur.

Order unanimously affirmed with costs.