■ VINCENT D. SACCA, Respondent, v JUDAH PRESS et al., Defendants, and ELECTRICAL EMPLOYERS SELF INSURANCE SAFETY PLAN, Appellant.—In a negligence action to recover damages for personal injuries in which the parties agreed to a settlement, the electrical employers self insurance safety plan, the workers' compensation insurance carrier for plaintiff's employer, appeals from an order of the Supreme Court, Queens County dated June 17, 1977, which, *inter alia,* granted plaintiff's motion pursuant to subdivision 5 of section 29 of the Workers' Compensation Law to compel the insurer to give its written consent to the settlement and approved the "compromise" and settlement. Order reversed, without costs or disbursements, and case remanded to Special Term for a hearing and a new determination of the motion, at which hearing appellant shall be given the opportunity to be heard as to the potential legal consequences to it of court-ordered approval of plaintiff's settlement. The hearing shall be before a Justice other than the one who made the order under review. Review of the record herein raises a doubt as to whether the appellant was able to exercise its right to be heard on the motion for the compromise order, and whether Trial Term, in exercising its discretion to grant the motion, gave adequate consideration to the potential liability of the appellant resulting from the compromise order. The plaintiff alleged, and the workers' compensation insurance carrier was placed in the position of conceding, that plaintiff's psychiatric condition arose or was aggravated by the relatively minor vehicular accident in which plaintiff was involved during the course of his employment. We note in this regard Trial Term's conclusory statement in its memorandum decision that "considering the fact that there is no medical or definitive psychiatric assurance or proof that the emotional disturbance was proximately caused by the incident there is no reason to believe that the carrier's position is truly a viable one." This conclusion, insofar as it focused upon the "injury", in fact may be correct; nevertheless, the grant of a compromise order preserves for the plaintiff a right to future compensation from the carrier based upon the alleged permanence of plaintiff's psychiatric disturbance. It should be clear, then, that the legal consequences to the appellant carrier of

plaintiff's potential exercise of this right are considered before a decision approving the compromise and settlement is made (see *Schnabel v Grimes,* 31 AD2d 375). Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.