■ ALAN BALKAM, Respondent, v VERONICA L. MIESEMER et al., Defendants, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant.—In a proceeding pursuant to subdivision 5 of section 29 of the Workers' Compensation Law to obtain judicial approval of a previously agreed to compromise and settlement, Liberty Mutual Insurance Company appeals from an order of the Supreme Court, Nassau County, dated May 23, 1979, which granted the petition and dismissed the insurer's objection as to the manner of service of papers in this proceeding. Order reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing and a new determination of the petition, at which all parties shall be given an opportunity to be heard, pursuant to subdivision 5 of section 29 of the Workers' Compensation Law, upon the jurisdictional issue concerning the legal propriety of the service of the notice of motion and petition, the reasonableness of the amount of the settlement, the timeliness of the application for approval, and whether, by the conduct of appellant's representatives, it is estopped from claiming that the application is untimely. The resolution of the issues presented here requires a full hearing in the course of which the parties shall be afforded the opportunity to submit their evidence (see *Capobianco v Continental Vending Mach. Corp.,* 28 AD2d 1126). In view of the potential consequences to the appellant compensation insurance carrier of continued liability to pay future compensation in excess of the amount of the settlement in the event such settlement is approved by the court, there is implicit in the appellant's opposition to the petition the demand and the right to be heard and to submit its proof on the question of the reasonableness of the amount of the settlement and the amount of all legal expenses and disbursements incurred by the respondent in relation to the third-party action. If, at the hearing, it shall be established to the satisfaction of the court that the settlement is reasonable, that respondent's five-month delay in applying for the court's approval of the settlement was not due to his neglect or fault, and that the appellant has not been prejudiced thereby, Special Term may properly exercise its discretion by making an order approving the settlement, *nunc pro tunc* (see *Matter of Kusiak v Commercial Union Assur. Cos.,* 49 AD2d 122). Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.