◼ In the Matter of the Claim of CLYDE NORTON, Appellant, v ALBANY APPLIANCE DIST., INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 13, 1979, which affirmed an Administrative Law Judge's decision

filed November 17, 1978 finding that an order of the Supreme Court was not binding in this case involving a third-party settlement. Claimant filed a compensation claim for injury to his back as a result of an auto collision that occurred on September 14, 1973. On September 1, 1976 claimant settled his third-party action without having obtained the consent of the employer or its carrier. By decision filed December 9, 1976, accident, notice and causal relation were established and the case was closed on a finding that the third-party action was settled without consent. On January 3, 1977, claimant filed with the board an application to reconsider the third-party settlement and for consent thereto. On January 24, 1977, an order of the Supreme Court was entered in Albany County comprising and settling the third-party claim *nunc pro tunc* as of September 1, 1976 pursuant to section 29 of the Workers' Compensation Law. Subsequently, by board order of restoral dated April 14, 1977, claimant's application for reconsideration was granted and the matter was restored to the calendar for further proceedings on the issue of the third-party settlement. By decision dated November 17, 1978, an Administrative Law Judge ruled that "the Supreme Court order cannot be used to reverse a finding of fact over which the Workmen's Compensation Board had jurisdiction" and closed the case. Thereafter, in its decision filed July 13, 1979, the board found: "that the claimant's right to seek a compromise court order pursuant to Section 29 (5) was available to him prior to the determination of the Workers' Compensation Law Judge (Referee) in his decision filed December 9, 1976 and that having failed to pursue this remedy the claimant may not use the nunc pro tunc court order, obtained subsequent to such Workers' Compensation Law Judge's (Referee) determination, to reverse the prior finding of fact. The Board Panel further finds that if claimant had pursued his remedy under Section 29 (5) prior to the Workers' Compensation Law Judge's (Referee) determination, such order would have been the equivalent of the consent of carrier to settle the third-party action." The decision of the board should be reversed and the matter remitted to the board for further proceedings. The court order of compromise entered January 24, 1977 was a valid court order *(Matter of Kusiak v Commercial Union Assur. Cos.,* 49 AD2d 122) and should have been given its legal effect and applied by the board in its reconsideration and review of the initial decision filed December 9, 1976 closing the case. The order did not change the fact that the settlement was made without consent but merely, by operation of law, removed the necessity for obtaining written consent. This was a change in the legal effect of the settlement but not in the fact itself and the board should have recognized the consequences of the court order in arriving at its determination. Once the *nunc pro tunc* court order of compromise was obtained pursuant to subdivision 5 of section 29 of the Workers' Compensation Law, the written consent requirement no longer existed as of the date of the settlement. The relevant portion of subdivision 5 of section 29 reads as follows: "However, written approval of the commissioners of the state insurance fund * * * or [of] the insurance carrier need not be obtained if the employee or his dependents obtain a compromise order from a justice of the court in which the third-party action was pending." Thus, the board was bound to apply the legal effect of the court order of compromise to the instant case and improperly failed to do so. Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.