OPINION OF THE COURT
WlLMER J. PATLOW, J.
Petitioner Thomas Ikewood seeks court approval pursuant to subdivision 5 of section 29 of the Workers’ Compensation Law for a compromise and settlement of its claim against P. D. Service, Inc.
Petitioner Ikewood was injured on December 2, 1973 during the course of his employment with Dolomite Products Company when a front-end loader manufactured by Eaton Corporation rolled over his legs and fractured his left femur. P. D. Service, Inc., was the retailer of the loader.
Subsequent to the accident petitioner commenced an action for damages against the manufacturer Eaton Corporation, which in turn commenced a third-party action *944 against the employer Dolomite Products Company. Petitioner also brought suit against the retailer P. D. Service, Inc.
Respondent Aetna Life & Casualty Company of Hartford, Inc., is the insurance carrier through whom the employer Dolomite Products Co. secured coverage pursuant to the Workers’ Compensation Law. Respondent has paid petitioner’s hospital and doctor bills in an amount exceeding $18,000 and therefore has a statutory lien on the proceeds of any recovery by petitioner.
The cases were tried before a jury and this court in July, 1980.
At the close of plaintiff’s proof, defendant P. D. Service, Inc., prior to a ruling on its motion to dismiss, offered to settle for $4,000 and petitioner accepted. The trial continued against defendant Eaton Corporation and third-party defendant Dolomite Products Company and the jury returned a verdict of no cause for action in favor of both.
Throughout the course of the settlement negotiations respondent Aetna neither waived its statutory lien on the proceeds of petitioner’s cause of action against P. D. Service, Inc., nor gave its written approval of the settlement agreement.
Petitioner presently seeks from this court, sitting at Special Term in December, 1980, the court’s approval of the settlement in lieu of respondent’s consent.
Respondent now argues that the court lacks jurisdiction to consider this petition inasmuch as respondent was not notified of the final terms of the proposed settlement at the time the settlement was made, and thus had no opportunity to object or consent at that time.
When judicial approval of a compromise is sought pursuant to the Workers’ Compensation Law, the only notice to the insurance carrier contemplated by the statute is service upon the carrier of a copy of the petition and the supporting affidavits accompanying the application for court approval. Subdivision 5 of section 29 of the Workers’ Compensation Law states that “[t]his notice shall afford them the opportunity to submit affidavits and to be heard by the court on the application”.
*945 Furthermore, it is not a prerequisite for judicial approval that a party first seek, but fail to obtain, the carrier’s consent. Court approval is an alternative to the insurer’s consent (see Matter of Nachison v Phoenix of Hartford Ins. Co., 30 AD2d 499, 501-502), and “a compromise order dispenses with the need for approval by the insurer” (Schnabel v Grimes, 31 AD2d 375, 377).
Petitioner herein has fully complied with the statutory notice provisions set forth in subdivision 5 of section 29 of the Workers’ Compensation Law, and respondent has been given ample opportunity to contest the terms of the settlement.
Respondent also argues that the court has no jurisdiction to approve the settlement because subdivision 5 of section 29 of the Workers’ Compensation Law requires that the court approval be obtained within three months of settlement, and here five months have elapsed.
Subdivision 5 of section 29 of the Workers’ Compensation Law provides in pertinent • part: “If the third-party action is on trial at the time the offer of settlement which is acceptable to the plaintiff, is made and either such written approval or order as provided in this subdivision is required, the action may be marked settled subject to the securing of such written approval or such order. If such written approval or such order is not subsequently secured within three months the action shall be restored to the head of the trial day calendar”.
Petitioner cites Balkam v Miesemer (74 AD2d 629) wherein the Appellate Division, Second Department, remitted a proceeding under subdivision 5 of section 29 of the Workers’ Compensation Law to Special Term for a hearing on the issue, inter alia, of the timeliness of the application for court approval. The court stated (p 629): “If, at the hearing, it shall be established to the satisfaction of the court that the settlement is reasonable, that respondent’s five-month delay in applying for the court’s approval of the settlement was not due to his neglect or fault, and that the appellant has not been prejudiced thereby, Special Term may properly exercise its discretion by making an order approving the settlement, nunc pro tunc (see Matter of *946 Kusiak v Commercial Union Assur. Cos., 49 AD2d 122)” (see, also, Matter of Norton v Albany Appliance Dist., 79 AD2d 1053).
Respondent seeks to distinguish the Balkam case on the grounds that it is unclear from the decision whether the settlement there took place prior to trial, when the three-month rule was arguably inapplicable. However, the record on appeal before the Appellate Division in Balkam indicates that the settlement was made before the Trial Judge, after the case was called for trial, and that the insurer’s objection there was predicated upon the petitioner’s failure to comply with the statutory three-month period. Balkam v Miesemer (supra) cannot, therefore, be distinguished from the case at bar.
Upon review of the affidavits submitted by petitioner’s attorney, the court finds there has been a sufficient demonstration that the delay of approximately two months past the three-month time limit was not due to any fault or neglect on the part of petitioner or his attorney.
The court finds there has been no prejudice to respondent resulting from the delay. Respondent’s only claim of prejudice is that which is “presumed” to flow from the lack of notice at the time the settlement was made, which notice the court already has determined is not required by the statute.
Finally, after consideration of the petition, the physician’s affidavit and the affidavits of petitioner’s attorney, this court finds that the compromise and settlement entered into between petitioner and P. D. Service, Inc., was in all respects reasonable, particularly in view of the nature of petitioner’s injuries and the small likelihood of success of his cause of action against this defendant.
Having determined that the petitioner has come forth with a satisfactory explanation for the delay and that respondent has not been prejudiced by such delay, and having further determined that the settlement was in all respects reasonable, the court hereby elects, in its discretion, to approve the compromise and settlement between petitioner and P. D. Service, Inc., nunc pro tunc as of July 25, 1980, the date the settlement was entered into.