In the Matter of MICHAEL SPURLING, Respondent, v
CHARLES E. BEACH et al., Individually and Doing
Business as WEST EATON GULF SERVICE, Appellants, et
al., Respondents.

Third Department, May 5, 1983

APPEARANCES OF COUNSEL

*John S. Hogg* for appellants.

*Peter P. Paravati, P. C.* (*Constance J. Angelini* of counsel), for Michael Spurling, respondent.

### OPINION OF THE COURT

MAIN, J.

While pumping gas in the course of his part-time employment at the West Eaton Gulf Service Station in the Town of Eaton, Madison County, at approximately 7:30 P.M. on February 11, 1979, petitioner Michael Spurling sustained severe injuries when he was struck by an automobile owned by Mary H. Remington and operated by Gene F. Stoddard. At that time, the service station was owned and operated by Charles E. Beach, Margaret H. Beach and Stanley R. White, Sr. (respondents). Subsequently, petitioner brought an action in the Supreme Court of Madison County against the owner and the operator of the car, and this eventually resulted, in September of 1980, in a settlement in favor of petitioner in the sum of $35,000. That sum represented the full amount of the owner's and the operator's insurance policies, and petitioner also received disability payments under an insurance policy carried by his full-time employer.

With these circumstances prevailing in November of 1981, petitioner filed an application in the Supreme Court of Madison County, pursuant to subdivision 5 of section 29 of the Workers' Compensation Law, wherein he sought a compromise order settling his claim against the owner and the operator of the vehicle so as to preserve his rights to future compensation benefits under the Workers' Compensation Law. Ultimately, in an order entered January 27, 1982, the court approved the $35,000 settlement and granted petitioner permission to pursue his claim before the Workers' Compensation Board. Respondents, individually and as a partnership formerly doing business as West Eaton Gulf Service, instituted the present appeal.

We hold that the challenged order of Special Term should be affirmed and, in so ruling, find without merit respondents' contentions that the court lacked subject matter jurisdiction over the petition and personal jurisdiction

over respondents. As for the former, the pertinent statute (Workers' Compensation Law, § 29, subd 5) explicitly provides that an application for a settlement order may be made to "a justice of the court in which the third-party action *was* pending" (emphasis added), and thus, it is obvious that the Legislature in enacting the statute was contemplating a situation such as in the instant case where an application for a settlement order was made to the court where the third-party action had been pending after that action had been settled and terminated. Regarding the court's exercise of personal jurisdiction over respondents, three essential requirements must be met, to wit: notice, opportunity to be heard and a basis for the exercise thereof (Siegel, New York Practice, § 58, pp 59-60). Significantly, respondents do not assert that any of these prerequisites is lacking, but instead argue that, since there is no competent evidence showing that they may be liable to petitioner for a deficiency payment, the court is without jurisdiction to make an order affecting them. This argument clearly goes to the merits of petitioner's case against respondents, but does not establish a lack of personal jurisdiction over them.

■ Respondents' further contention that petitioner's application should be dismissed because the petition and accompanying papers do not comply with the pertinent statutory requirements (see Workers' Compensation Law, § 29, subd 5) is also unpersuasive. Admittedly, an examination of the petition and papers does reveal certain technical errors and omissions. For instance, the petition does not directly state petitioner's approval of his attorney's fee and the settlement, although both are clearly implied, and the physician's statements are unverified, but do contain most of the required information, lacking only the cost of the treatment and the method of the physician's payment. Moreover, by clear implication, petitioner's attorney's affidavit states that he was pursuing only petitioner's interests and not those of the third-party defendants in seeking approval of the settlement. Given these circumstances, we conclude that there was satisfactory compliance with the statutory requirements, particularly since the Workers' Compensation Law should be liberally construed in favor

of the employee and an overly legalistic approach thereto should be avoided (see *Matter of Illaqua v Barr-Llewellyn Buick Co.,* 81 AD2d 708) and no prejudice to respondents has been demonstrated.

■ The court likewise did not err when it issued a *nunc pro tunc* order approving the settlement as of September of 1980. It is uncontested that it has the power to issue such an order, and the evidence in the record indicates that petitioner's attorney was not engaged in dilatory tactics, but rather filed the application when petitioner decided to pursue his remedy under the Workers' Compensation Law. Moreover, respondents' argument that they were prejudiced because they had no adequate notice of petitioner's proposed settlement of the third-party action and no opportunity to be heard thereon before it was concluded or the petition was filed is plainly lacking in substance. Petitioner was under no obligation to give respondents such notice or opportunity (see *Schnabel v Grimes,* 31 AD2d 375; *Matter of Nachison v Phoenix of Hartford Ins. Co.,* 30 AD2d 499).

Lastly, that the challenged order may possibly benefit a third-party defendant's insurer is of no consequence. It cannot seriously be disputed that by pursuing his remedy under the Workers' Compensation Law petitioner may well gain benefits beyond those he has recovered through his third-party action, and, therefore, it is merely incidental and not significant that a third-party defendant's insurer may also benefit.

The order should be affirmed, without costs.

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, without costs.