**Kiyomi OGA, Sako Oga, Ruri Takahasi, and Fumilo Ueda, Plaintiffs,**

v.

**Mason LOH and Johnny Loh, Defendants.**

81 Civ. 2856(MEL).

United States District Court, S.D. New York.

March 15, 1985.

Moskowitz, Passman & Edelman, New York City, for plaintiffs; Abraham Passman, New York City, of counsel.

Linden & Gallagher, New York City, for Tokio Fire & Marine Ins. Co.; Leonard J. Linden, (II), New York City, of counsel.

LASKER, District Judge.

In this personal injury diversity action governed by New York State's No-Fault Insurance Laws and Workers' Compensation Laws, Kiyomi Oga seeks to recover from her workers' compensation carrier for injuries she sustained while riding in a taxicab during the course of her employment. She moves for: 1) a court order approving the $60,000 settlement of this action, *nunc pro tunc*, pursuant to the New York Workers' Compensation Law § 29(5) (McKinney 1965); 2) an order directing her workers' compensation carrier, Tokio Marine & Fire Insurance Company (Tokio) to consent to the settlement; and 3) an order directing Tokio to reimburse plaintiff $5,495 for dental expenses incurred as a result of the accident.

*Facts*

On January 29, 1982 Oga sustained personal injuries while riding as a passenger in defendants' taxicab during the course of her employment. Although all motor vehicle accidents in New York State are covered by New York's no-fault insurance laws, accidents which occur during the course of employment are also covered by the Workers' Compensation Laws under which the workers' compensation carrier has primary responsibility for compensation. Subsequent to the accident, Tokio, the compensation carrier, paid plaintiff approximately $3,000 for resulting medical injuries and loss of compensation due to her six week absence from work. In addition, plaintiff required extensive dental work which she claimed amounted to $7,770. Tokio questioned the cost of the dental work, but after examination of the plaintiff by Tokio's own dentist, authorized performance of dental work for $5,495.

In May 1981 plaintiff also initiated a tort action in this court against the third party, the defendant cab company. In January 1982, shortly before the scheduled start of the trial, the parties settled for $60,000, of which plaintiff received nearly $40,000 after attorneys' fees and disbursements. Tokio was never informed of the settlement, and neither approved nor consented to it.

Tokio learned of the settlement after having authorized but not reimbursed plaintiff for the $5,495 of dental work. On July 28, 1982 Tokio appeared before an Administrative Law Judge who held that under Workers' Compensation Law § 29(5) Tokio would not be liable for future compensation claims because the settlement of the third party action was made without Tokio's consent. The Administrative Law Judge closed the case. On October 26, 1983, the Workers' Compensation Board af-

firmed the Administrative Law Judge's ruling and held that the case was properly closed and the carrier could not be held liable for further awards of compensation inasmuch as the third party action between plaintiff and the cab company was settled without the workers' compensation carrier's consent. On June 11, 1984, eight months after the Board's ruling on the consent issue and two and one-half years after the third party claim was settled, the plaintiff filed the instant motion seeking a court order approving the settlement in lieu of the carrier's consent.

*Jurisdiction*

The parties agree that inasmuch as there was a prior $60,000 settlement of the third party action in the Southern District of New York, this court has jurisdiction to issue a compromise order pursuant to Workers' Compensation Law § 29(5). Section 29(5) states that a compromise order may issue "from a justice of the court in which the action was pending."

*Consent/court order requirement*

The parties agree that under the Workers' Compensation Law plaintiff must either obtain written approval (consent) of the third party settlement agreement from Tokio or a compromise order in lieu of consent from the court with jurisdiction. Workers' Compensation Law § 29(5) states in relevant part:

> ... A compromise of any such cause of action ... shall be made only with the written approval ... of the insurance carrier. ... However, written approval of ... the insurance carrier need not be obtained if the employee ... obtain[s] a compromise order from a justice of the court in which the third party action was pending.

Failure to obtain either the carrier's consent or court approval in lieu thereof terminates the carrier's obligation for future compensation payments. See *Castleberry v. Hudson Valley Asphalt Corp.*, 70 A.D.2d 228, 237, 420 N.Y.S.2d 911, 917 (Second Dept.1979); *Kusiak v. Commercial Assurance Cos.*, 49 A.D.2d 122, 124, 373 N.Y.S.2d 714, 716 (Fourth Dept.1975).

*Standards for issuing compromise order nunc pro tunc*

While the parties agree that the court may issue a compromise order *nunc pro tunc*, neither party cites standards for issuing such an order.

In *Balkam v. Miesemer*, 74 A.D.2d 629, 425 N.Y.S.2d 168 (Second Dept.1980) where plaintiff sought judicial approval of a previously agreed compromise and settlement of a third party action, the Appellate Division remanded to the lower court for a full hearing on the reasonableness of the settlement. The court held that after the hearing, the lower court could, in its discretion, issue an order approving the settlement *nunc pro tunc*. Factors to be considered were: whether the delay in applying for court approval was due to plaintiff's neglect or fault; whether approval would result in prejudice to the compensation carrier in light of its continued liability to pay future compensation; and whether the settlement was reasonable. These factors were considered as well in *Ikewood v. Aetna Life & Casualty of Hartford*, 108 Misc.2d 943, 439 N.Y.S.2d 87 (Sup.Ct., Monroe C'nty 1981).

The questions to be considered here are the timeliness of requesting an order at this late date and, if it is timely, whether such an order would be reasonable.

*Timeliness*

A.

Does plaintiff's two and one-half year delay between the January 1982 settlement of the third party claim and the June 1984 filing of this motion, or alternatively, the plaintiff's eight month delay between the October 1983 Board ruling on consent when it closed the case and the June 1984 filing of this motion make the motion untimely?

██ Under *Ikewood* and *Balkam*, *supra*, the reason for the delay rather than its length, determines the timeliness of the motion for a *nunc pro tunc* compromise

order.[1] The delay must not have been caused by plaintiff's neglect or fault and the insurance carrier must not have been prejudiced thereby. *Balkam,* 425 N.Y.S.2d at 169; *Ikewood,* 439 N.Y.S.2d at 89.

> Plaintiff's attorney affirms that:
>
> With respect to the delay, it is submitted that this was caused solely by the belief that the consent would not be necessary in this case and, by advice of the Compensation attorneys representing the Plaintiff, that it is their opinion that the Board would direct payment of the outstanding bills and that it would rule that consent was not necessary under the circumstances herein where there was no lien and the medical and compensation expenses were nowhere near the limited involved.

Reply Affirmation in Support of Motion, at 4–5. Pursuant to request at oral argument for an affidavit explaining the delay in moving for this relief, counsel submitted an additional affirmation. After reiterating his reliance on plaintiff's compensation attorneys who represented that consent was not necessary in this case, counsel stated that he first learned of the Board's decision in April 1984 when he was notified that plaintiff's dentist had not yet been paid.[2]

█ It is understandable that defendants challenge the timeliness of the delay. Nevertheless, bearing in mind all the circumstances of the case we conclude that the delay, although at the outer edge of permissibility, is reasonable, and plaintiff's neglect, if any, is excusable, since it was based on expert advice which on its face the plaintiff had reason to rely on.

### B.

█ Defendant Tokio argues that plaintiff's motion is untimely under Insurance Law § 671(1) because it was filed more than three years after the date of the accident. Section 671(1)(b), the only section which contains a three year limitation, applies to "loss of earnings from work ... for not more than three years from the date of the accident causing the injury." Tokio relies on *Fellner v. Country Wide Insurance,* 95 A.D.2d 106, 466 N.Y.S.2d 766 (Third Dept.1983) which it claims gives Tokio:

> a right of credit or offset for all present medical bills and compensation benefits payable subsequent to three years after the accident, and all possible future medical bills and disability benefits for time lost from work, which might develop at a later date.

Memorandum of Law in Support of Affirmation of Leonard J. Linden (II) on behalf of Tokio Fire & Marine Insurance Co., at 8. Since the claims in issue are more than three years old, counsel asserts that Tokio has a right to credit or offset the dental bill against plaintiff's net $40,000 settlement.

Insurance Law § 671(1) divides basic economic loss into three categories: medical expenses, loss of earnings from work, and other reasonable and necessary expenses. Each category has its own time limitation. Dental expenses, the item in dispute in this case, specifically listed in § 671(1)(a) as a medical expense are:

> without limitation as to time provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury.

In this case Tokio authorized $5,495 of dental work in August 1981, well within a year after the accident. Defendant's reliance on § 671(1)(b) is misplaced because the provision governs loss of earnings

---

**1.** Workers' Compensation Law § 29 (5) does provide that if a case is on trial at the time of the settlement there is a three month time limit for applying for a *nunc pro tunc* compromise order. However, this limit has not been extended to apply to cases settled before trial.

**2.** Plaintiff also argues that Tokio is estopped from asserting a timeliness argument because plaintiff could justifiably rely on Tokio to reimburse plaintiff the $5,495 it had authorized for dental work. We find this argument unpersuasive in light of the fact that Tokio's authorization occurred on August 27, 1981, some months prior to plaintiff's settlement of its third party action without notice to or consent of Tokio.

which are not at issue here. *Fellner* is also concerned with loss of earnings, not medical expenses. The three year limitation is not applicable in this case where a medical expense is the subject of the dispute.

### Res judicata

■ Tokio also argues that the court cannot issue a compromise order *nunc pro tunc* because the Workers' Compensation Board has held that 1) the Workers' Compensation carrier had not consented to the settlement, 2) therefore the case was properly closed and the carrier's obligation to make future payments was terminated and 3) these propositions are now *res judicata.*

However, the Workers' Compensation Board did not consider the present issues. The matters now to be determined are first, whether it is appropriate for the court to issue a *nunc pro tunc* compromise order at this late date and second, whether the merits of the case warrant issuing the order.

The relationship between a court's *nunc pro tunc* order and a Board decision was considered in *Kusiak v. Commercial Assurance Companies,* 49 A.D.2d 122, 373 N.Y.S.2d 714 (Fourth Dept.1975), which, like the case at hand, involved a motor vehicle accident during the course of plaintiff's employment. There the Workers' Compensation Board denied the petitioner all right to future compensation because he had failed to obtain the carrier's consent to the settlement. While the issue of *res judicata* was not raised, nevertheless the court did find that it could issue a *nunc pro tunc* compromise order even after a Board decision similar to the one in this case. The court held that "the granting of the compromise order permits petitioner to settle the third party action and preserve his rights to subsequent compensation benefits." *Id.* 373 N.Y.S.2d at 717–718. We conclude that the decision of the Board did not render the question *res judicata.*

### Reasonableness of the settlement and prejudice to the compensation carrier

■ Having determined that it is not untimely to issue an order, the remaining questions for resolution are whether an order should be issued based upon the reasonableness of the settlement and whether an order would be prejudicial to the compensation carrier.

Plaintiff maintains that the settlement was reasonable because it "was not inadequate nor improvident, nor did it deny the Compensation Carrier [of] [sic] its right to recovery." Plaintiff's Memorandum of Law in Support of Motion for Order to Compromise, at 7. In support of the settlement's adequacy, the memo notes that plaintiff missed only six weeks of work, that she has fully recovered from her injuries, and that she currently suffers no disabilities. Plaintiff supports this argument with the affidavit of Nathaniel Shafer, M.D., who examined plaintiff on July 12, 1984. Shafer states in part:

> That from my medical examination of the patient and from this history received, it is my medical opinion that the patient has fully recovered from the injuries sustained in the accident of January 28, 1981. That there are no residuals except the very faint scarring. However, the other injuries to other parts of her body have all healed. That she is under no disability and has no medical complaints at this time. No further medical problems are anticipated with any of the injuries sustained in this accident, nor is there any reasonable possibility of any future related medical condition developing.

In regard to the carrier's right to recovery, the memo notes that under the no-fault insurance law Tokio has no lien on the first $50,000 net recovery by the plaintiff in her third party action. Since plaintiff received less than $40,000 net from the $60,000 settlement, the carrier's right to recovery is not a factor. Plaintiff maintains there can be no prejudice to the carrier where its right to recovery is not a factor.

No answering papers were submitted in response to the physician's affidavit. Accordingly, we find no reason not to accept the physician's affidavit. In light of its

acceptance, we find the settlement to have been reasonable. We recognize that under § 123 of the Workers' Compensation Law this determination will expose Tokio to possible liability for payments for eighteen years from the date of the accident. However, in the unlikely event that Oga should make a further claim Dr. Shafer's affidavit would provide very effective evidence to establish that such a further claim would not have been grounded on injuries sustained by her in the accident of January 28, 1981.

The motion is granted.

Submit order on notice.