■ ANNE DAVISON, Individually and as Conservator for LARRY DAVISON, Respondent, v CHEMICAL LEAMAN TANK LINES, INC., et al., Defendants, and NEW HAMPSHIRE INSURANCE COMPANY, Appellant.—Order unanimously reversed on the law without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: The court erred by concluding

that the compensation carrier, New Hampshire Insurance Company (NHIC), had received sufficient notice of the initial settlement conference in 1984 and had waived its opportunity to contest the reasonableness of the settlement. It is undisputed that NHIC was not served with any papers prior to the initial conference as required by section 29 (5) of the Workers' Compensation Law, and, thus, the carrier was not given the opportunity to exercise its right to oppose settlement of the third-party action *(see, Matter of Macey v Uninsured Employers' Fund,* 80 AD2d 951, 952; *Feller v Sano-Rubin Constr. Co.,* 62 AD2d 1071, 1072).

We reject the carrier's claim that plaintiff's application for a nunc pro tunc compromise order, made some 19 months after the initial settlement, was untimely. The court had the authority to entertain the motion beyond the statutory three-month period (Workers' Compensation Law § 29 [5]), provided that plaintiff's delay in instituting the motion was not the result of plaintiff's neglect or fault and the carrier was not prejudiced by the delay *(Balkam v Miesemer,* 74 AD2d 629; *Matter of Ikewood v Aetna Life & Cas.,* 108 Misc 2d 943; *see also, Oga v Loh,* 603 F Supp 1354 [SD NY 1985]). This motion was commenced some two months after the Workers' Compensation Board determined that NHIC was the carrier liable for benefits, and NHIC has not claimed that it has been prejudiced by any delay. Under the circumstances, the court correctly determined that this application was timely.

In opposing plaintiff's motion for the compromise order, NHIC claimed that the settlement was not fair or reasonable to a compensation carrier because it lacked any annuity for medical expenses, a portion of the award to plaintiff in her individual capacity (approximately $100,000) for loss of consortium could not be offset by the carrier, and some $100,000 was allocated to the injured plaintiff's children, who were not parties to the action and who had no claim for loss of consortium or any other form of damages. Apparently, no record was made of the argument of the motion, and the court made no specific findings regarding the carrier's claims. Since there is some doubt whether NHIC was afforded the opportunity to exercise its right to be heard and whether the court gave adequate consideration to the potential liability and concerns of the compensation carrier, the order must be reversed and the matter remitted for the development of a record and for findings on the issues raised by NHIC concerning the reasonableness of the settlement *(see, Balkam v Miesemer, supra; Sacca v Press,* 70 AD2d 615). (Appeal from order of Supreme

Court, Onondaga County, Shaheen, J.—approve settlement order.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.