■ RICHARD AMSILI, Appellant, v DANIEL BOOZOGLOU et al., Respondents. [610 NYS2d 240] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 3, 1992, which denied petitioner's application to settle and compromise his Workers' Compensation claim, unanimously reversed, on the law, and the petitioner's application is granted to the extent of remanding the matter to the IAS Court for a hearing on the issues of the reasonableness of the settlement and actual prejudice to respondents, without costs.

Initially we note that petitioner bears no responsibility for the error that led to Insurance Company of North America (INA) assuming payment for Workers' Compensation benefits to an individual who was never employed by one of its insureds. The underlying dispute as to coverage is between INA and the Uninsured Employers Fund (UEF). In addition, the reason for petitioner's delay rather than its length determines the timeliness of a motion pursuant to Workers' Compensation Law § 29 (5) for a nunc pro tunc compromise order *(Oga v Loh,* 603 F Supp 1354, 1356-1357).

In view of the peculiar circumstances in which, at the time of petitioner's settlement of his third-party action, INA and

UEF were both endeavoring to avoid coverage and petitioner had not been paid any compensation benefits since 1985, his failure to request the consent of either or both of those entities is understandable. Similarly, the fact that petitioner turned to the Workers' Compensation Board for a resolution of the dispute between INA and UEF instead of immediately seeking a compromise order from the court in which his third-party action was pending is also excusable inasmuch as it appears that this legal action was only pursued after the Workers' Compensation Board gave every indication of continuing to drag the matter on for some years.

Petitioner should not be penalized by losing all benefits because he relied upon the Board for relief rather than resorting more promptly to the court.

Having determined that petitioner's application is not untimely, we are unable to determine on the present record whether an order of compromise should be issued inasmuch as unanswered questions remain regarding the reasonableness of the settlement and the actual prejudice, if any, to either respondent. We therefore remand the matter for a hearing on those issues. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.