■ In the Matter of PATRICIA A. SNYDER, Respondent, v CNA INSURANCE COMPANIES, Appellant, et al., Respondent.. [762 NYS2d 131] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 19, 2002 in Columbia County, which, inter alia, granted petitioner's application pursuant to Workers' Compensation Law § 29 (5) for judicial approval, nunc pro tunc, of a personal injury settlement.

On January 15, 1996, petitioner sustained injuries in a motor vehicle accident that occurred in the course of her employment. She received workers' compensation benefits and also first-party benefits under the no-fault provisions of the In-

surance Law. Petitioner eventually commenced a third-party negligence action against the operator of the other vehicle involved in the accident. In May 1998, the third-party action was settled for $32,500. Petitioner did not obtain the consent to the settlement of the workers' compensation carrier, respondent CNA Insurance Companies (hereinafter respondent). Respondent subsequently asserted, as one of several defenses in petitioner's ongoing workers' compensation claim, that settling without its consent precluded further payments. In July 2000, the Workers' Compensation Board ruled in respondent's favor on that issue. Thereafter, petitioner commenced this proceeding seeking, among other things, judicial approval, nunc pro tunc, of the May 1998 settlement. Supreme Court granted that part of the petition which sought judicial approval of the settlement. This appeal by respondent ensued.

It is well settled that, in a situation such as is currently before us, "Workers' Compensation Law § 29 (5) requires either the carrier's consent or a compromise order from the court in which a third-party action is pending for a claimant to settle a third-party action and continue receiving compensation benefits" (*Matter of Johnson v Buffalo & Erie County Private Indus. Council,* 84 NY2d 13, 19 [1994]; *see Matter of Shutter v Philips Display Components Co.,* 90 NY2d 703, 707 [1997]; *Matter of Bernthon v Utica Mut. Ins. Co.,* 279 AD2d 728, 728 [2001]. Judicial approval of a settlement, nunc pro tunc, "is permitted when petitioner can establish that the settlement is reasonable, that the delay in applying for an order of approval was not caused by petitioner's fault or neglect, and that the workers' compensation carrier was not prejudiced by the delay" (*Matter of Wilbur v Utica Mut. Co.,* 228 AD2d 928, 929 [1996]; *see Matter of Stiffen v CNA Ins. Cos.,* 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]).

Here, the petition was unaccompanied by any information about the general nature of the accident or the amount of insurance coverage available (*cf. Matter of Stiffen v CNA Ins. Cos., supra* at 992-993; *Severino v Liberty Mut. Ins. Co.,* 238 AD2d 837, 838 [1997]). No medical records, reports or opinions were included in the petition (*see* Workers' Compensation Law § 29 [5]; *cf. Matter of Spurling v Beach,* 93 AD2d 306, 308-309 [1983] *lv denied* 64 NY2d 605 [1985]). Indeed, the petition failed to include much of the information required by Workers' Compensation Law § 29 (5) and it was supported by only a rather conclusory affidavit from petitioner's counsel. While a liberal standard is applied in determining whether a settlement is reasonable (*see Matter of Spurling v Beach, supra* at

308-309; *see also Neblett v Davis,* 260 AD2d 559, 560 [1999]), the relevant information in this record is insufficient to support such a conclusion. In light of the dearth of factual information regarding the reasonableness of the settlement (as well as the paucity of proof pertaining to the other issues implicated in a post-settlement application for judicial approval), we conclude that Supreme Court strayed beyond the borders of its discretion in granting the petition upon these papers. Accordingly, so much of the order as approved the settlement must be reversed and we remit the matter for further factual development of that issue (*see Matter of Macey v Uninsured Employers' Fund,* 80 AD2d 951 [1981]; *Balkam v Miesemer,* 74 AD2d 629 [1980]; *see also Matter of Dauenhauer v Continental Cas. Ins. Co.,* 217 AD2d 943 [1995]; *Amsili v Boozoglou,* 203 AD2d 137 [1994]; *Davison v Chemical Leaman Tank Lines,* 136 AD2d 937 [1988]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as approved petitioner's 1998 settlement; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.