■ In the Matter of JAMES ANZALONE, Appellant, v TRAVELER'S INSURANCE COMPANY, Respondent.—In a proceeding pursuant to Workers' Compensation Law § 29 (5) to obtain judicial approval of a compromise and settlement of a personal injury action, the petitioner appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered May 13, 1988, which, after a hearing, denied the petition.

Ordered that the order is reversed, with costs, the petition is granted and the compromise settlement is approved.

We agree with the petitioner that the Supreme Court improvidently exercised its discretion in denying his application for an order approving the compromise and settlement of the third-party personal injury action (Workers' Compensation Law § 29 [5]). The record clearly established that the automobile owned and operated by the defendants in the underlying personal injury action was insured under a policy with coverage limits of $10,000/$20,000. As the court correctly found, the defendants were financially unable to satisfy a judgment in excess of the policy limit. Moreover, the injured plaintiff petitioner would have had difficulty convincing a jury that the injuries he sustained were "serious" within the definition set

forth in Insurance Law § 5102 (d). Accordingly, the $7,500 settlement was reasonable. In any event, since a judgment in excess of $10,000 would have remained unsatisfied, the respondent carrier was not prejudiced by settlement for an amount less than the amount of its lien or by the defeat of its right to the credit against future payments of compensation in the amount of the recovery in excess of the lien. As the respondent concedes on appeal that the delay in applying for the court's approval of the settlement was excusable, the record contains no evidence to support the court's disapproval of the proposed settlement (Balkam v Miesemer, 74 AD2d 629). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.