■ AUDREY L. DENNISON, Appellant, v MICHAEL S. PINKE et al., Defendants, and UTICA MUTUAL INSURANCE COMPANY, Respondent. [621 NYS2d 195] —Per Curiam. Appeal from an order of the Supreme Court (Brown, J.), entered May 10, 1993 in Saratoga County, which denied plaintiff's motion for nunc pro tunc approval of her settlement of the action.

Plaintiff, who was injured in an automobile accident during

the course of her employment, settled her claim against the driver of the other vehicle in October 1990 without the consent of the workers' compensation carrier, which had paid plaintiff for lost earnings for the 12-week period following the accident. In November 1990, the carrier denied plaintiff's request for additional benefits to pay for dental treatment, including surgery, related to the accident. The carrier's denial was based upon plaintiff's failure to obtain the carrier's consent to the settlement of the personal injury action. The matter apparently languished on the calendar of the Workers' Compensation Board until February 1993, when the Board determined that plaintiff was not entitled to further benefits due to her settlement of the personal injury action without the carrier's consent. Shortly before the Board rendered its decision, plaintiff sought nunc pro tunc judicial approval of the settlement pursuant to Workers' Compensation Law § 29.

Supreme Court clearly has the power to issue the order sought by plaintiff, but the timeliness of the application is a relevant factor to be considered by the court in deciding whether to grant the application (see, Matter of Spurling v Beach, 93 AD2d 306, 309, lv denied 64 NY2d 605; Balkam v Miesemer, 74 AD2d 629). By November 1990, plaintiff knew that the workers' compensation carrier had refused to provide further benefits because of the settlement without its consent. Nevertheless, plaintiff did nothing to protect her interests for approximately 26 months. In view of the length of the delay, we agree with Supreme Court that it was incumbent upon plaintiff to explain the delay to demonstrate that it was not the result of neglect or dilatory tactics. Plaintiff offered no explanation for the inordinate delay and, therefore, we see no basis to disturb Supreme Court's denial of her application.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.