■ In the Matter of RODNEY WILBUR, Appellant, v UTICA MUTUAL COMPANY, Respondent. DAVID C. FASSETT et al., Respondents. [644 NYS2d 435] —Casey, J.

Petitioner sustained personal injuries in the course of his employment as a school bus driver in 1989 when the school bus he was operating was struck by a truck owned by Rapp Petroleum Corporation, which was then being driven by its employee. On his workers' compensation claim, petitioner was found to have sustained a permanent partial disability and has received over $6,000 in workers' compensation benefits.

Petitioner's claim against Rapp was settled in 1991, without commencement of a law suit, for $25,000. Although notified of a settlement offer, respondent, the workers' compensation carrier, was never notified of the settlement agreement, did not participate in the settlement negotiations, did not consent to the settlement, and learned of the settlement agreement for the first time at a workers' compensation hearing in February 1994, at which future compensation payments to petitioner were suspended for his failure to obtain the carrier's consent. The case was closed, without prejudice, by the Workers' Compensation Board for the same reason in August 1994.

In 1995, petitioner commenced a third-party action in Supreme Court and sought approval of the settlement nunc pro tunc (see, Workers' Compensation Law § 29 [5]). Supreme Court denied petitioner's application for approval on the grounds of undue delay and prejudice. This appeal by petitioner followed. We affirm.

Judicial approval of a previously agreed-to compromise and settlement, beyond the three-month period prescribed in Workers' Compensation Law § 29 (5), is permitted when petitioner can establish that the settlement is reasonable, that the delay in applying for an order of approval was not caused by petitioner's fault or neglect, and that the workers' compensation carrier was not prejudiced by the delay (see, Baiano v Squires, 113 AD2d 732, 734). Here, petitioner did not move for judicial approval for at least 11 months after being aware of the carrier's lack of consent. Although petitioner was not receiving benefits during the 11-month period, his delay remains unexplained. There is, therefore, no reason to interfere with Supreme Court's determination in this regard (see, Dennison v Pinke, 211 AD2d 853). Furthermore, the finding of a permanent partial disability by the Workers' Compensation Board, which was subsequent to entering into the settlement and which could require further medical treatment to petitioner, demonstrates prejudice to the carrier who was not given the

opportunity to participate in the settlement negotiations or approve the settlement.

Finally, as to petitioner's claim that he should be permitted to renew his application for approval of the settlement, we note that petitioner made no such request at Supreme Court. In any event, there is nothing in the record to demonstrate that petitioner can cure the untimeliness of his application or negate the prejudice to the carrier.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.