■ In the Matter of JANET Q. GILSON et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY, Respondent. [668 NYS2d 287] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered November 21, 1996 in Rensselaer County, which denied petitioners' application pursuant to Workers' Compensation Law § 29 for approval, nunc pro tunc, of a personal injury settlement, and (2) from an order of said court, entered April 11, 1997 in Rensselaer County, which denied petitioners' motion for reconsideration.

Petitioner Janet Q. Gilson was injured in an automobile accident which occurred in the course of her employment. In October 1995 without the consent of respondent, the employer's workers' compensation carrier, petitioners settled their action against the driver of the other vehicle, who carried liability limits in the amount of $100,000 per person and $300,000 per accident, for $70,000. In June 1996, petitioners sought approval of the settlement nunc pro tunc (*see,* Workers' Compensation Law § 29 [5]), which was denied by Supreme Court. Petitioners' subsequent motion for reconsideration was also denied. These appeals ensued.

In the event that petitioners establish that "the settlement is reasonable, that the delay in applying for an order of approval was not caused by [their] fault or neglect, and that [respondent] was not prejudiced by the delay" (*Matter of Wilbur v Utica Mut. Co.,* 228 AD2d 928, 929), judicial approval of the settlement, which was beyond the three-month period prescribed in Workers' Compensation Law § 29 (5), is permitted. This Court has held that the timeliness of the application is a relevant factor to be considered when making this determination (*see, Dennison v Pinke,* 211 AD2d 853, 854). As early as October 5, 1995 but no later than November 15, 1995, petitioners were on notice that respondent was asserting its right to a workers' compensation lien on any judgment in the third-party action and to approve any settlement. Through counsel, however, petitioners disputed these asserted rights and never sought respondent's consent to the settlement or judicial approval thereof until eight months later.

In attempting to establish that the delay in applying for an order of approval was not caused by their fault or neglect,

petitioners claim that, even though specifically advised otherwise, they were unaware of respondent's right to assert a lien or approve the settlement. Petitioners' misconstruction of the applicable law does not constitute a reasonable excuse for the eight-month delay in applying for judicial approval of the settlement (*see, Baiano v Squires*, 113 AD2d 732). Moreover, because it appears that petitioner has a potential claim for compensation benefits in excess of $50,000, we are satisfied that prejudice to respondent has been demonstrated. Since applications of this type are clearly directed to the discretion of the court (*see generally, Matter of Raponi v Orange & Rockland Utils.*, 221 AD2d 786), we are unable to say that Supreme Court's determination denying petitioners' application for approval of the settlement nunc pro tunc was an abuse of discretion.

Finally, as to petitioners' appeal from Supreme Court's denial of their motion for reconsideration, we find no merit. To the extent that petitioners sought reargument of the court's order, no appeal lies therefrom (*see, R-H-D Constr. Corp. v Miller*, 222 AD2d 802). To the extent they sought renewal, petitioners' motion was not supported with new facts and a justifiable excuse for not placing such facts before the court upon the original motion (*see, Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596; *Wagman v Village of Catskill*, 213 AD2d 775, 775-776).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.