■ PATRICIA SCANNELL et al., Respondents, v ANNE KARLIN, Defendant. PUBLIC EMPLOYERS RISK MANAGEMENT ASSOCIATION et al., Nonparty Appellants. [675 NYS2d 646] —In an action to recover damages for personal injuries, etc., the Public Employers Risk Management Association and the Town of Greenburgh appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered June 18, 1997, which (1) granted the plaintiffs' application, *inter alia,* to extinguish their workers' compensation lien on the proceeds of a settlement between the plaintiffs and the defendant, and (2) denied their cross application, *inter alia,* to direct the plaintiffs to reimburse them the sum of $13,030.47 for medical expenses paid by them to the plaintiff Patricia Scannell and to pay into court the balance of the proceeds of their settlement with the defendant, exclusive of attorney's fees, pending the determination of the entitlement of the plaintiff Patricia Scannell to workers' compensation benefits.

Ordered that the order is reversed, with costs, the plaintiffs' application is denied, the cross application is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment in favor of the appellants and against the plaintiffs in the sum of $13,030.47, and

directing the plaintiffs to pay into court the balance of the proceeds of their settlement with the defendant, exclusive of attorney's fees, pending the determination of the entitlement of the plaintiff Patricia Scannell to workers' compensation benefits.

The plaintiff Patricia Scannell is a Town of Greenburgh police officer who, during the course of her employment, was hit by an automobile driven by the defendant Anne Karlin. The Town paid Scannell's salary and benefits, as well as $13,030.47 in medical expenses during her ensuing leave. Without informing the Town, Scannell settled her lawsuit against Karlin for $110,000. Upon learning of the settlement, the Town discontinued Scannell's salary and benefits, and demanded reimbursement of the $13,030.47 in medical expenses, as well as the payment into court of the remainder of the settlement, exclusive of attorney's fees, pending determination of Scannell's entitlement to workers' compensation benefits. Scannell then applied, *inter alia,* for the court's approval of her settlement nunc pro tunc, as well as to extinguish any lien being asserted against her recovery by the Town. In a supporting affidavit, she alleged, *inter alia,* that all of the settlement money had been for pain and suffering and loss of services, and therefore the plaintiffs could not be subject to any lien for wages or medical expenses. The court granted the plaintiffs' application and denied the cross application of the Town and the Public Employers Risk Management Association, the claims manager for the Town's workers' compensation claims. We now reverse.

When a municipality pays workers' compensation benefits pursuant to General Municipal Law § 207-c, it has a lien for such amounts against any sums recovered by the claimant in an action against a third-party tortfeasor (*see,* Workers' Compensation Law § 29 [1], [2], [3]; § 10; *Matter of McKay v Town of W. Seneca,* 41 NY2d 931, 932; *O'Dette v Parton,* 190 AD2d 1074). Excepting no-fault benefits (*see,* Workers' Compensation Law § 29 [1-a]), the lien is valid against "any recovery", including sums denominated compensation for pain and suffering and loss of consortium (*see,* Workers' Compensation Law § 29 [1]; *Matter of Parmelee v International Paper Co.,* 157 AD2d 878; *Matter of Simmons v St. Lawrence County CDP,* 147 AD2d 323).

Pursuant to this obligation, the plaintiffs were obliged to obtain the approval of the Town, or else of the court, before accepting any settlement from Karlin (*see,* Workers' Compensation Law § 29 [5]). Instead, only after the Town had discontinued its benefits and asserted its lien did the plaintiffs make

the instant application for judicial approval nunc pro tunc, some 17 months after accepting $110,000 from Karlin's insurer. In so doing, the plaintiffs failed to make the necessary showing that the settlement was reasonable, that the delay was not due to their fault or neglect, and that the Town was not prejudiced by the delay (*see, e.g., Matter of Wilbur v Utica Mut. Co.,* 228 AD2d 928; *Dennison v Pinke,* 211 AD2d 853). Accordingly, their application should have been denied and the Town's cross application should have been granted. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.