■ In the Matter of FITZ WATSON, Respondent, v NEW YORK CITY TRANSPORTATION LAW DEPARTMENT—WORKERS' COMP BOARD DEPARTMENT, Appellant. [682 NYS2d 186] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about June 16, 1997, denying respondent's motion to vacate a default judgment, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion granted and the default judgment vacated.

On June 16, 1987, petitioner, a traffic agent employed by the Department of Transportation of the City of New York, sustained a work-related injury when he was struck by a car driven by Lucille Johnson. On August 28, 1991, the Workers' Compensation Board, finding that petitioner's injuries were

permanent, awarded him $110 weekly for the remainder of his life or until he returned to work.

In the interim, petitioner had, without the knowledge of the Board, commenced an action against Ms. Johnson for his injuries. Eventually, on June 2, 1989, the action was settled for $19,000. On March 16, 1993, seven weeks after it learned, for the first time, of petitioner's negligence action against Johnson and the settlement, the Board terminated petitioner's weekly benefits pursuant to Workers' Compensation Law § 29, based on his failure to obtain the Board's consent to the settlement. By order to show cause dated July 25, 1995, petitioner, claiming that he had learned in January 1995 that the settlement resulted in a "cutoff of deficiency of Workers' Compensation benefits," moved for judicial approval, *nunc pro tunc*, of the settlement of his claim against Ms. Johnson to preserve his right to Workers' Compensation benefits. The order to show cause naming, as respondent, the "New York City Transportation Law Department—Workers' Comp Board Department" was served at the Corporation Counsel's office at 100 Church Street in Manhattan and upon the "Workmans Compensation Board Department" at 180 Livingston Street in Brooklyn. Petitioner's motion was granted on default on August 31, 1995, when the City failed to appear, and judgment was entered, *nunc pro tunc*, granting judicial consent to the settlement in the action against Johnson.

The City thereafter moved to vacate the default, alleging that service should have been made on the Workers' Compensation Division of the City's Law Department at 175 Remsen Street in Brooklyn. Earlier correspondence from the City's Workers' Compensation Division to petitioner's counsel had requested that counsel's closing statement with respect to the June 1989 settlement be sent to that address. Moreover, the City pointed to the improper designation of the City as "New York City Transportation Law Department—Workers' Comp Board Department," a non-existent entity. On the merits, the City asserted the prejudice it sustained by the grant of *nunc pro tunc* relief since it continued to pay petitioner benefits in the amount of $17,856 for more than three years subsequent to the settlement. Most significantly, the City argued that the $19,000 settlement was unreasonable in light of petitioner's claim of permanency of injury before the Board. The IAS Court denied the motion, stating that "[i]t is incomprehensible that no one in the Corporation Counsel's 100 Church St. office could properly forward an order to show cause directed on its face to its own 'Workers' Comp. Board Dept.'"

Since the City offered a reasonable excuse for its default and made more than an adequate showing of merit, we reverse. The City argues, persuasively, that the respondent named in the order to show cause is a non-entity and was not, in the circumstances, so similarly named as the proper respondent as to give the City notice. And, while 100 Church Street was a proper address for service, the moving papers, according to the City, must have been lost in the process. We find this excuse to be reasonable. The miscasting of respondent's identity significantly contributed to the lapse. The City has also shown a meritorious defense, i.e., that petitioner has failed to demonstrate that his settlement with Johnson was reasonable, especially in light of the $250,000 policy limit in Johnson's automobile policy, petitioner's lengthy unexplained delay of almost six years in seeking judicial approval after the settlement of his negligence action (*see, Dennison v Pinke*, 211 AD2d 853, 854; *Harosh v Diaz*, 253 AD2d 850; *Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897), and the prejudice the City sustained by virtue of petitioner's undisclosed settlement of his case. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.