■ In the Matter of THOMAS BERNTHON, Appellant, v UTICA MUTUAL INSURANCE COMPANY et al., Respondents. [719 NYS2d 332] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered April 6, 1999 in Broome County, which denied petitioner's application pursuant to Workers' Compensation Law § 29 (5) for approval, nunc pro tunc, of a personal injury settlement, and (2) from an order of said court, entered September 22, 1999 in Broome County, which denied petitioner's motion for reconsideration.

Petitioner was involved in a work-related motor vehicle accident on September 15, 1995 following which he received workers' compensation benefits for a partial permanent injury to his knee. He also commenced a third-party action against the driver of the other vehicle. He was represented by separate counsel in each forum. On February 24, 1998, petitioner's personal injury attorney settled the third-party action for $34,500 without obtaining the consent of his employer's workers' compensation carrier, respondent Utica Mutual Insurance Company. Utica Mutual did not learn of the settlement until a May 12, 1998 workers' compensation hearing. At no time at that hearing or at any time thereafter did Utica Mutual consent to the settlement (*see*, Workers' Compensation Law § 29 [5]). One year after the settlement, this proceeding was commenced seeking its judicial approval (*see*, *id.*). Supreme Court denied the application on the ground that petitioner failed to offer a reasonable excuse for the delay. The court also denied a subsequent motion for reconsideration. These appeals ensued. Finding no abuse of discretion by Supreme Court, we affirm.

Workers' Compensation Law § 29 (5) is clear in its mandate, that is, an employee must obtain the written approval of the employer or its workers' compensation carrier prior to any settlement of a third-party action (*see*, *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19; *Matter of Wright v Golden Arrow Line*, 206 AD2d 759, 760; *Matter of Vincent v Geneva Pizza*, 196 AD2d 917, *lv denied* 83 NY2d 752), unless that employee "obtain[s] a compromise order from a justice of the court in which the third-party action was pending" (Workers' Compensation Law § 29 [5]; *see*, *Scannell v Karlin*, 252 AD2d 552, 553-554, *lv denied* 93 NY2d 805). Absent either, future compensation benefits are precluded (*see*, *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, *supra*; *Matter of Parmelee v International Paper Co.*, 157 AD2d 878). While approval of a settlement may be sought nunc pro tunc, this requires a showing that the delay in apply-

ing for such relief was not the result of the employee's own neglect or fault, the settlement was reasonable and the carrier was not prejudiced by the delay (*see, Scannell v Karlin, supra*; *Dennison v Pinke*, 211 AD2d 853; *Merrill v Moultrie*, 166 AD2d 392, *lv denied* 77 NY2d 804; *Davison v Chemical Leaman Tank Lines*, 136 AD2d 937). An application for nunc pro tunc approval of a previously entered into settlement is directed to the discretion of Supreme Court (*see, e.g., Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897; *Severino v Liberty Mut. Ins. Co.*, 238 AD2d 837; *Borrowman v Insurance Co.*, 198 AD2d 891; *Matter of Anzalone v Traveler's Ins. Co.*, 150 AD2d 567).*

The record reveals a one-year delay in seeking judicial approval of the settlement. The workers' compensation attorneys knew as of late May 1998 that Utica Mutual would not consent and that petitioner was in serious jeopardy of losing future benefits. Shortly thereafter, these attorneys began communicating with Utica Mutual in an effort to obtain its consent to the settlement after the fact. By their own admission, Utica Mutual neither consented nor did it even respond to their inquiries. By letter dated September 23, 1998, the compensation attorneys extended a written settlement offer to Utica Mutual in return for consent, which closed with the following proclamation: "If we do not receive a written response within fifteen days, we will assume the proposal has been rejected and will move forward with the necessary procedures to protect our client's rights." Following transmittal of this offer, the compensation attorneys were advised that Utica Mutual was continuing to assert the "lack of consent" defense. To be sure, Utica Mutual did not provide a written response to the settlement offer within that 15-day time period, or thereafter. Notwithstanding, the instant application was not filed until February 25, 1999, some five months after the settlement offer.

The only excuse given for this delay was Utica Mutual's failure to respond to direct inquiries requesting consent. Indeed, petitioner maintains that Utica Mutual is solely responsible for the delay. The responsibility of obtaining carrier consent or seeking a compromise order, however, fell squarely on *petitioner* and Utica Mutual was under no legal obligation to respond to

---

* Because the subject settlement was not entered into during the trial of the third-party action (*compare, Baiano v Squires*, 113 AD2d 732; *Matter of Ikewood v Aetna Life & Cas.*, 108 Misc 2d 943), we agree with petitioner's contention that the three-month approval period specifically mentioned in the latter portion of Workers' Compensation Law § 29 (5) is inapplicable here (*but see, Matter of Wilbur v Utica Mut. Co.*, 228 AD2d 928).

petitioner's inquiries or consent to the settlement. More importantly, "it is not a prerequisite for judicial approval that a party first seek, but fail to obtain, the carrier's consent" (*Matter of Ikewood v Aetna Life & Cas.*, 108 Misc 2d 943, 945, *supra*). Rather, judicial approval is "an alternative method to the requirement for written consent by the carrier" which preserves the right to future compensation benefits (*Matter of Nachison v Phoenix of Hartford Ins. Co.*, 30 AD2d 499, 502; *see, Schnabel v Grimes*, 31 AD2d 375, 377-378). Thus, to the extent that petitioner seems to suggest that Utica Mutual's inaction somehow prevented him from promptly applying to Supreme Court for relief and that this somehow constitutes a reasonable excuse for the delay in seeking a compromise order, we are unpersuaded. In sum, we find that the one-year delay in this case was due to petitioner's own neglect (*cf., Matter of McCaffrey v Lewis*, 225 AD2d 981; *Amsili v Boozoglou*, 203 AD2d 137; *Matter of Anzalone v Traveler's Ins. Co.*, *supra*).

As a final matter, to the extent that petitioner unsuccessfully sought to reargue the motion, we note that the denial of a motion to reargue is not appealable (*see, Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897, 898, *supra*). To the extent that petitioner unsuccessfully sought to renew, the motion was properly denied as he failed to demonstrate new facts to support it or a justifiable excuse for not initially placing such facts before the court on the original application (*see, id.*). In support of the motion for renewal, petitioner submitted various letters between the parties which existed at the time of the original application but which were not included in the original papers. His attorney also provided an expanded reason for the delay in seeking the compromise order. Neither the letters nor the new arguments advanced by counsel constituted *new* facts, nor did petitioner satisfactorily explain the failure to include same in preparation of the original papers, thereby providing a legitimate basis for Supreme Court to deny the motion (*see, N.A.S. Partnership v Kligerman*, 271 AD2d 922, 922-923; *Matter of Dyer v Planning Bd.*, 251 AD2d 907, 909, *appeal dismissed* 92 NY2d 1026, *lv dismissed* 93 NY2d 1000).

Mercure, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.