■ In the Matter of WALTER RIFENBURGH JR., Appellant, v SEDGWICK JAMES, Respondent. (And Another Related Action.)

[747 NYS2d 259] —Carpinello, J.

On November 1, 1996, petitioner was involved in an automobile accident while driving to his employer's health facility for a physical examination. Petitioner sought workers' compensation benefits claiming that he was reporting to the physical examination at the direction of his employer and thus sustained his injuries while in the course of employment. The employer and respondent, its workers' compensation carrier, controverted whether the accident arose out of and in the course of employment.

In addition, petitioner commenced a third-party action against the driver of the other vehicle, which was settled in March 1999 for an amount significantly less than the policy limit. It is undisputed that respondent did not participate or consent to the settlement and only learned of it at a December 1999 workers' compensation hearing where it immediately raised the defense of lack of consent. A Workers' Compensation Law Judge ultimately closed petitioner's case in November 2000 after he failed to seek or submit judicial approval of the settlement. In April 2001, petitioner attempted to reopen his workers' compensation claim by obtaining judicial approval of the settlement nunc pro tunc (*see* Workers' Compensation Law § 29 [5]). Supreme Court denied the application on the ground of, inter alia, undue delay, prompting this appeal.

We affirm. Petitioner's failure to obtain respondent's consent prior to the settlement of a third-party action or to obtain judicial approval within three months of the settlement may bar the receipt of future workers' compensation benefits (*see* Workers' Compensation Law § 29 [5]; *Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992, *lv denied* 97 NY2d 612; *Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728). Approval sought after the three-month period may still be granted where it is shown that the settlement is reasonable, that the delay in applying for such relief was not the result of the employee's own neglect or fault and that the carrier was not prejudiced by the delay (*see Matter of Stiffen v CNA Ins. Cos.*, *supra* at 992; *Matter of Bernthon v Utica Mut. Ins. Co.*, *supra* at 728-729). The timeliness of the application is also a relevant factor to be considered in making such a determination (*see Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897).

Here, the record shows that petitioner did not seek nunc pro

tunc judicial approval for at least two years after the settlement. In fact, petitioner continued to forego seeking judicial approval for some 16 months after being made aware of respondent's defense of lack of consent. Petitioner's sole explanation for the delay was that he was unaware that his workers' compensation claim was "open," a claim which is belied by the undisputed fact that he participated in several hearings regarding his claim during this period. Under such circumstances, we find no basis to conclude that Supreme Court abused its discretion in denying petitioner's application, the lateness of which was clearly due to petitioner's own neglect (*see Matter of Bernthon v Utica Mut. Ins. Co.*, *supra* at 729-730; *Matter of Gilson v National Union Fire Ins. Co.*, *supra* at 898; *Matter of Wilbur v Utica Mut. Co.*, 228 AD2d 928, 929).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.