In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Rosenwasser, J.), dated December 16, 2002, which denied her application pursuant to Workers’ Compensation Law § 29 (5) for judicial approval nunc pro tunc of the settlement of the action.
Ordered that the order is affirmed, with costs.
The Supreme Court providently exercised its discretion in denying the plaintiff’s application pursuant to Workers’ Compensation Law § 29 (5) for judicial approval nunc pro tunc of the settlement of the plaintiff’s personal injury action. *592 Worker’s Compensation Law § 29 (5) bars a claimant from receiving continuing workers’ compensation benefits where the claimant fails to obtain the written consent of the carrier or a compromise order from the court before settlement of a third-party action, (see Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19 [1994]; Matter of Consolazio, 272 AD2d 614 [2000]).
However, a party may seek judicial approval of a previously-agreed-to settlement beyond the three-month period described in Workers’ Compensation Law § 29 (5) where the settlement is reasonable, the delay in applying for the order of approval was not caused by the party’s neglect or fault, and the workers’ compensation carrier was not prejudiced by the delay (see Hargrove v Becom Real, 287 AD2d 598 [2001]; Neblett v Davis, 260 AD2d 559 [1999]; Harosh v Diaz, 253 AD2d 850 [1998]; Baiano v Squires, 113 AD2d 732 [1985]).
The resolution of an application for nunc pro tunc approval of a settlement pursuant to Workers’ Compensation Law § 29 (5) is left to the discretion of the court (see Matter of Banks v National Union Ins. Co., 304 AD2d 573 [2003]; Matter of Hermance v Fireman’s Fund Ins. Co., 265 AD2d 328 [1999]). Applying the relevant factors to this case, the Supreme Court providently exercised its discretion in denying the application for judicial approval nunc pro tunc of the settlement. S. Miller, J.E, Krausman, Townes and Cozier, JJ, concur.