■ In the Matter of GEORGIA TAYLOR, Respondent, v CONTINENTAL INSURANCE COMPANY, Also Known as CNA INSURANCE COMPANY, Appellant. [780 NYS2d 224]—

Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered April 21, 2003 in Ulster County, which granted petitioner's application pursuant to Workers' Compensation Law § 29 (5) for judicial approval, nunc pro tunc, of a personal injury settlement.

After sustaining injuries in a May 1990 work-related automobile accident, petitioner applied for and was awarded workers' compensation benefits. In November 1992, respondent, who had

---

commenced payment of workers' compensation benefits shortly after petitioner's accident, notified petitioner that it was reserving its claim to a continuing lien on any recovery for injuries or damages arising out of the May 1990 accident not constituting payments in lieu of first party no-fault benefits (*see* Workers' Compensation Law § 29 [1-a]; Insurance Law § 5104 [a]). Respondent further informed petitioner of its obligation to obtain respondent's written consent for any settlement or compromise of a lawsuit brought in connection with the automobile accident (*see* Workers' Compensation Law § 29 [5]). Petitioner had, in fact, commenced a third-party action and ultimately settled the matter for $60,000 pursuant to the terms of a July 1993 agreement. It is undisputed that no attempt was made by petitioner to obtain respondent's consent prior to executing that agreement. Citing petitioner's failure in that regard, respondent suspended the payment of benefits in January 1994 and, thereafter, refused petitioner's July 1994 request for retroactive consent of the settlement agreement. After affording petitioner the opportunity to provide evidence that consent was obtained, the Workers' Compensation Board approved the termination of further benefit awards and closed the case in May 1995. In November 2002, some nine years after the execution of the July 1993 settlement agreement, petitioner sought judicial approval of the settlement nunc pro tunc. Supreme Court granted petitioner's application, prompting this appeal by respondent.

Workers Compensation Law § 29 (5) is clear "[that] an employee must obtain the written approval of the employer or its workers' compensation carrier prior to any settlement of a third-party action" (*Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728, 728 [2001]; *see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]). However, an employee also has the option of seeking judicial approval of the settlement from the court in which the third-party action is pending within three months after the case has been settled (*see Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]). Where, as here, a petitioner has failed to do either, such petitioner is barred from receiving future workers' compensation benefits unless he or she can demonstrate that (1) the delay in submitting the application was not the result of the petitioner's fault or neglect, (2) the settlement is reasonable and (3) the carrier was not prejudiced by the delay (*see id.* at 992; *Matter of Wilbur v Utica Mut. Co.*, 228 AD2d 928, 929 [1996]). A reviewing court should also consider the length of the delay as an additional relevant factor (*see Matter of Rifenburgh v James*, 297 AD2d 901, 902 [2002]; *Dennison v Pinke*, 211 AD2d 853, 854 [1995]).

Here, the nine-year delay between the execution of the settlement agreement and petitioner's application for judicial approval thereof was inordinate. There is no dispute that, as early as November 1992, petitioner was fully aware of respondent's intention to assert its right to impose a workers' compensation lien and require written consent of any third-party settlement agreement. Respondent's intention to avail itself of this statutory remedy was further emphasized by the 1994-1995 proceedings before the Workers' Compensation Board and in respondent's January 1995 correspondence denying petitioner's request for retroactive consent. Unfortunately, even in light of these circumstances, petitioner did not seek judicial approval of the settlement agreement until 2002.

Even assuming that the settlement was reasonable and respondent's claim of prejudice not significant, in light of the above uncontroverted facts, we find unpersuasive petitioner's attempts to characterize the delay as excusable. Under the circumstances, we must conclude that Supreme Court's grant of petitioner's application constituted an improvident exercise of discretion and reversal is required (*see Scannell v Karlin*, 252 AD2d 552 [1998], *lv denied* 93 NY2d 805 [1999]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.