■ Kewal Singh et al., Appellants, v Ronald O. Ross et al., Respondents. TWR Express, Inc., Intervenor-Respondent. [785 NYS2d 464]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated September 26, 2003, which denied their motion pursuant to Workers' Compensation Law § 29 (5) for judicial approval, nunc pro tunc, of the settlement of the action.

Ordered that the order is affirmed, with costs.

Workers' Compensation Law § 29 (5) permits an employee to settle a lawsuit arising out of the same accident as a workers' compensation claim for less than the statutory amount of workers' compensation benefits only if the employee receives written consent to the settlement from the compensation carrier, or alternatively, judicial approval of the settlement within three months of the settlement (*see Hargrove v Becom Real,* 287 AD2d 598 [2001]). If the recipient of workers' compensation benefits settles a third-party action without the prior written consent of the compensation payor, or in the alternative, without a com-

promise order from the court, he or she forfeits all future workers' compensation benefits (see e.g. Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19 [1994]).

"However, a party may seek judicial approval of a previously-agreed-to settlement beyond the three-month period described in Workers' Compensation Law § 29 (5) where the settlement is reasonable, the delay in applying for the order of approval was not caused by the party's neglect or fault, and the workers' compensation carrier was not prejudiced by the delay" (Zamfino v Furman, 1 AD3d 591, 592 [2003]).

A proceeding for approval, nunc pro tunc, of the settlement of a third-party action pursuant to Workers' Compensation Law § 29 (5) is directed to the discretion of the court (see Matter of Banks v National Union Ins. Co., 304 AD2d 573 [2003]; Matter of Hermance v Fireman's Fund Ins. Co., 265 AD2d 328 [1999]). In this case, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion on the ground that the delay of over one year after the settlement in seeking judicial approval was due to the plaintiffs' own fault or neglect (see Sarnelli v IPI Indus., Inc., 8 AD3d 357 [2004]). Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.