■ BETTINA FURTADO, Appellant, v MARIO'S BAKERY, Defendant, and STATE FARM INSURANCE FUND, Respondent. [793 NYS2d 506]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 15, 2002, which denied her motion pursuant to Workers' Compensation Law § 29 (5) for judicial approval of the compromise of the action nunc pro tunc.

Ordered that the order is affirmed, with costs.

Pursuant to Workers' Compensation Law § 29 (5), an employee who is the recipient of workers' compensation benefits may compromise a third-party claim arising out of the same accident without prejudice to the continued payment of benefits

upon obtaining either the written consent of the compensation carrier before the compromise, or judicial approval of the compromise within three months after it (*see Matter of Johnson v Buffalo & Erie County Private Indus. Council,* 84 NY2d 13 [1994]; *Singh v Ross,* 12 AD3d 498 [2004]; *Matter of Taylor v Continental Ins. Co.,* 9 AD3d 657 [2004]). Moreover, a party may seek judicial approval of the compromise beyond the three-month period upon demonstrating that the compromise is reasonable, the delay in seeking approval was not attributable to the party's fault or neglect, and the workers' compensation carrier was not prejudiced by the delay (*see Zamfino v Furman,* 1 AD3d 591 [2003]; *Matter of Bernthon v Utica Mut. Ins. Co.,* 279 AD2d 728 [2001]; *Matter of Gilson v National Union Fire Ins. Co.,* 246 AD2d 897 [1998]). The application is addressed to the sound discretion of the court (*see Matter of Banks v National Union Ins. Co.,* 304 AD2d 573 [2003]; *Matter of Hermance v Fireman's Fund Ins. Co.,* 265 AD2d 328 [1999]). In view of the inordinate delay of more than three years between the compromise and the application for approval in this case (*see Matter of Taylor v Continental Ins. Co., supra*), the lack of any reasonable explanation therefor, and the prejudice to the rights of the carrier, the Supreme Court providently exercised its discretion in denying the motion (*see Singh v Ross, supra; Matter of Bernthon v Utica Mut. Ins. Co., supra; Harosh v Diaz,* 253 AD2d 850 [1998]; *Matter of Gilson v National Union Fire Ins. Co., supra; Matter of Wilbur v Utica Mut. Co.,* 228 AD2d 928 [1996]).

The plaintiff's remaining contention is without merit (*see Matter of Consolazio [Merchants Mut. Ins. Co.],* 272 AD2d 614 [2000]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.