■ In the Matter of DESIREE MONET, Respondent, v DEAN FRAZER, Appellant. [835 NYS2d 769]—

Mugglin, J. Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered March 24, 2006, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for a term of four months, (2) from an order of

said court, entered March 31, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (3) from an order of said court, entered March 31, 2006, which granted petitioner's application for entry of a money judgment.

Following a hearing on petitioner's application for an order determining that respondent had willfully violated a prior order of support, a Support Magistrate issued an order determining that respondent's failure to pay the amount of court-ordered support was, in fact, willful and recommending a term of incarceration. The Support Magistrate further recommended that the sentence of commitment be suspended upon proof at the confirmation hearing that respondent had been making regular periodic payments of both support and arrears. Following the confirmation hearing, Family Court, in two separate orders, confirmed the Support Magistrate's willful violation finding and committed respondent to the Ulster County jail for four months. The order of commitment provided that respondent could purge himself of the commitment by paying arrears. A third order, granting petitioner a money judgment for arrears, was also entered. Respondent appeals from all three of Family Court's orders.

Respondent's sole contention on this appeal is that Family Court erred in not suspending his commitment to four months in jail, as had been recommended by the Support Magistrate.* This argument overlooks the Support Magistrate's recommendation that respondent's incarceration be suspended only if, at the confirmation hearing, he proved that he had been making "regular periodic payments of support and arrears." At such hearing, an employee of the Ulster County Support Collection Unit testified that only six payments were made during the five-month period between the date of the Support Magistrate's order and the confirmation hearing, and one of those was a state income tax refund intercept (*see* Tax Law § 171-c). Under the circumstances of this case, it cannot be said that Family Court erred in not issuing a suspended commitment order (*cf. Matter of Heyn v Burr*, 19 AD3d 896, 898 [2005]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Inasmuch as respondent raises no arguments concerning any order other than the order of commitment, any issues with respect to those orders are deemed abandoned (*see Kocsis v McLean*, 32 AD3d 589, 590 [2006]).