■ In the Matter of JAVIER PANETO, Appellant, v RMSCO, INC., Respondent. [840 NYS2d 569]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered March 20, 2006, which denied the petition for an order approving the settlement of a claim nunc pro tunc, unanimously affirmed, without costs.

Petitioner failed to obtain respondent workers' compensation carrier's consent prior to the settlement of a third-party action, or to obtain judicial approval within three months of the settlement as required by Workers' Compensation Law § 29 (5). Approval may be granted after the three-month period, and an order issued nunc pro tunc, only if the delay was not the result of petitioner's neglect or fault and the carrier was not prejudiced (*Merrill v Moultrie*, 166 AD2d 392 [1990], *lv denied* 77 NY2d 804 [1991]). Petitioner's mistake was in not realizing that the underinsurance carrier from whom he sought permission and the workers' compensation carrier were not the same entity, but he failed to establish that his delay in seeking a remedy for more than two years was not due to his fault or neglect (*see Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897 [1998]). He also failed to establish that the settlement was reasonable, since the petition lacks any information as to how or why his portion of the $50,000 insurance policy amounted to $7,000. Under these circumstances, it cannot be said that the motion court's determination denying this application for approval of the settlement nunc pro tunc was an improvident exercise of discretion. Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.