■ In the Matter of Lee Anne Lautenschuetz, Individually and as Administrator of the Estate of Gary E. Lautenschuetz, Deceased, Respondent, v AP Greene Industries, Inc., et al., Defendants, and CNA Insurance Company, Appellant. [852 NYS2d 426]—

Spain, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered August 17, 2007 in Clinton County, which granted petitioner's application pursuant to Workers' Compensation Law § 29 (5) for judicial approval, nunc pro tunc, of a personal injury settlement.

In 2002, Gary E. Lautenschuetz (hereinafter decedent) com-

menced a personal injury action seeking damages for injuries he sustained from the inhalation of asbestos. He also filed a disability claim for workers' compensation benefits and, when decedent died from mesothelioma in September 2003, petitioner, decedent's wife, filed a death claim. These claims involved numerous work sites and multiple employers but—in September 2005—respondent CNA Insurance Company was identified as the liable workers' compensation carrier and awards were eventually made. In addition, between December 2003 and April 2007, petitioner entered into approximately 15 settlements in the personal injury action.

In November 2005, CNA applied to the Workers' Compensation Board for review of the compensation awards made to petitioner, challenging them on the ground that CNA's consent was never obtained for the settlements in the personal injury action. By decision dated June 8, 2006, the Board, finding insufficient evidence before it regarding the settlements in the plenary action, held the matter in abeyance and directed petitioner to produce further documentation related to the settlements, including "any [nunc pro tunc] orders previously or hereinafter obtained." By order to show cause dated April 19, 2007, petitioner applied for judicial approval of the settlements nunc pro tunc from Supreme Court where the personal injury action was pending. Supreme Court granted the requested approval over the opposition of CNA. CNA now appeals.[1]

Under Workers' Compensation Law § 29 (5), a petitioner may settle a third-party lawsuit arising out of the same accident as his or her workers' compensation claim without compromising his or her right to workers' compensation benefits "provided that [he or she] obtains either the carrier's prior consent to the settlement or the approval of the court in which the . . . action is . . . pending, within three months after the case has been settled" (*Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d 991, 992 [2001], *lv denied* 97 NY2d 612 [2002]; *see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]). "The failure to obtain either the carrier's consent or court approval will bar the petitioner from further receipt of workers' compensation benefits" (*Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 992; *see* Workers' Compensation Law § 29 [5]).

---

1. Petitioner seeks dismissal of the appeal because CNA erroneously appealed from the decision of Supreme Court, rather than the order entered thereon. Inasmuch as the decision is not materially different from the order and no prejudice has been shown, we exercise our discretion to deem the appeal to have been taken from the order (*see* CPLR 5520 [c]; *Matter of General Motors Corp. [Sheikh]*, 41 AD3d 993, 994 [2007]).

Initially, we conclude that Supreme Court properly granted approval of the April 5, 2007 settlement between petitioner and Amotex Trust, as petitioner's application was timely, having been made that same month, and because CNA has provided no other basis to disturb Supreme Court's discretionary determination that the settlement should be approved (*see* Workers' Compensation Law § 29 [5]).[2] We reach a different conclusion, however, with regard to the remaining settlements. Petitioner's next most recent settlement was in July 2006, 10 months before the application for judicial approval. Where, as here, more than three months have elapsed after the date of settlement, a judicial order may be obtained nunc pro tunc approving the settlement "provided that the petitioner can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the petitioner's fault or neglect, and (3) the carrier was not prejudiced by the delay" (*Matter of Stiffen v CNA Ins. Cos.*, 282 AD2d at 992; *see Matter of Taylor v Continental Ins. Co.*, 9 AD3d 657, 658 [2004]; *Matter of Rifenburgh v James*, 297 AD2d 901, 902 [2002]). The length of the delay should also be considered in making this determination (*see Matter of Taylor v Continental Ins. Co.*, 9 AD3d at 658; *Matter of Rifenburgh v James*, 297 AD2d at 902).

No basis exists on this record to support the conclusion that petitioner's delay—the shortest of which is 10 months—in seeking judicial approval of the other settlements should be excused. Petitioner fails to offer any valid reason for the delay, emphasizing instead efforts to obtain CNA's consent and offering two letters to that effect sent to CNA in November and December 2006, each requesting that retroactive consent be provided. Further, petitioner claims that uncertainty about the identity of the carrier prior to September 2005 when liability was assessed against CNA prevented her from obtaining consent earlier. We note that as early as May 2003, a carrier—although not CNA— was identified for the claims and petitioner has provided no evidence that efforts were made to obtain the consent of any carrier prior to 2006. Moreover, " 'it is not a prerequisite for judicial approval that a party first seek, but fail to obtain, the carrier's consent' " (*Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728, 730 [2001], quoting *Matter of Ikewood v Aetna Life & Cas. of Hartford*, 108 Misc 2d 943, 945 [1981]). Thus,

---

**2.** CNA's argument regarding procedural defects in petitioner's application, considered and rejected by Supreme Court, is not addressed in its brief on appeal and thus is deemed abandoned (*see Matter of Monet v Frazer*, 40 AD3d 1223, 1224 n [2007]).

petitioner's inability to gain the carrier's consent does not excuse her from timely seeking judicial approval.

In light of petitioner's failure to demonstrate that the delay resulted from anything other than her own neglect, her application for nunc pro tunc approval of the July 2006 settlement, as well as all settlements prior thereto, should be denied (*see Matter of Taylor v Continental Ins. Co.*, 9 AD3d at 658; *Matter of Rifenburgh v James*, 297 AD2d at 902).

Cardona, P.J., Peters and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted nunc pro tunc approval of all the settlements except the April 2007 settlement, and, as so modified, affirmed.