■ Denzil Lobban, Appellant, v Thomas J. Brown, Respondent. Graphic Arts Mutual Insurance Company, Nonparty Respondent. [3 NYS3d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 12, 2014, which denied his motion pursuant to Workers' Compensation Law § 29 (5) for judicial approval of the compromise of the action nunc pro tunc.

Ordered that the order is affirmed, with costs.

The plaintiff was involved in a motor vehicle accident, and

sustained injuries to his neck, back, and shoulders. He filed a claim for workers' compensation benefits, which was granted upon a finding that he sustained those injuries during the course of his employment.

The plaintiff thereafter commenced this action against the driver of the other vehicle involved in the accident, alleging that he sustained serious injuries due to the other driver's negligence in colliding with the rear of his vehicle while it was stopped at a red light. The plaintiff and the defendant settled the action less than two months after it was commenced for the sum of $48,100. According to the plaintiff, he sought to settle the action quickly because he was experiencing economic difficulties. The plaintiff's workers' compensation carrier did not consent to the settlement.

More than three months after entering into the settlement, the plaintiff moved pursuant to Workers' Compensation Law § 29 (5) for judicial approval of the compromise of the action nunc pro tunc. The plaintiff's workers' compensation carrier opposed the motion. The Supreme Court denied the plaintiff's motion. We affirm.

"Pursuant to Workers' Compensation Law § 29 (5), an employee who is the recipient of workers' compensation benefits may compromise a third-party claim arising out of the same accident without prejudice to the continued payment of benefits upon obtaining either the written consent of the compensation carrier before the compromise, or judicial approval of the compromise within three months after it" (*Furtado v Mario's Bakery*, 17 AD3d 527, 527-528 [2005]; *see Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *Zamfino v Furman*, 1 AD3d 591, 592 [2003]). "However, a judicial order may be obtained nunc pro tunc approving a previously agreed-upon settlement, even where the application for approval is sought more than three months after the date of settlement, provided that the employee can establish that (1) the amount of the settlement is reasonable, (2) the delay in applying for a judicial order of approval was not caused by the employee's fault or neglect, and (3) the insurance carrier was not prejudiced by the delay" (*Matter of Williams v Orange & Sullivan Excavating Corp.*, 114 AD3d 802, 803 [2014]; *see Furtado v Mario's Bakery*, 17 AD3d at 527-528; *Zamfino v Furman*, 1 AD3d at 592; *Hargrove v Becom Real*, 287 AD2d 598, 598-599 [2001]).

A proceeding for approval, nunc pro tunc, of the settlement of a third-party action pursuant to Workers' Compensation Law § 29 (5) is directed to the discretion of the court (*see*

*Zamfino v Furman*, 1 AD3d at 592; *Matter of Hermance v Fireman's Fund Ins. Co.*, 265 AD2d 328, 328-329 [1999]). Here, the delay in seeking judicial approval was due to the plaintiff's own fault or neglect. Under these circumstances, the Supreme Court providently exercised its discretion in denying the plaintiff's motion (*see Singh v Ross*, 12 AD3d 498, 499 [2004]; *Sarnelli v IPI Indus., Inc.*, 8 AD3d 357, 357 [2004]; *Matter of Rifenburgh v James*, 297 AD2d 901, 903 [2002]; *Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728, 730 [2001]; *see also Furtado v Mario's Bakery*, 17 AD3d at 527-528). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.