Matter of Carlone v Utica Mut. Assur. Co. (2018 NY Slip Op 01183)





Matter of Carlone v Utica Mut. Assur. Co.


2018 NY Slip Op 01183


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-08254
 (Index No. 601566/16)

[*1]In the Matter of Linda R. Carlone, appellant, 
v
Utica Mutual Assurance Company, respondent.


James J. Keefe, P.C., Mineola, NY, for appellant.
Vecchione, Vecchione, Connnors & Cano, LLP, Garden City Park, NY (Brian M. Anson and Michael F. Vecchione of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of a settlement of a personal injury action nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered July 19, 2016, which denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner was involved in a motor vehicle accident that allegedly caused her to sustain serious personal injuries. She filed a claim for workers' compensation benefits, which, though contested, was granted upon a finding that the accident occurred during the course of her employment.
The petitioner commenced an action against the driver of the other vehicle involved in the accident, alleging that she sustained serious injuries due to the other driver's negligence. After the other driver died, a second action naming the Public Administrator of Nassau County as the defendant was commenced. The parties in the second action reached a settlement in which the defendant in that action agreed to pay the petitioner $7,500 from a policy with limits of $100,000. The petitioner had not obtained the prior approval of the petitioner's workers' compensation insurance carrier, Utica Mutual Assurance Company (hereinafter Utica). Upon learning of the settlement, Utica terminated the petitioner's workers' compensation benefits.
Within three months of the settlement, the petitioner commenced this proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of the settlement of the personal injury action nunc pro tunc. In opposition, Utica contended that its interests were not adequately protected by the settlement. The Supreme Court denied the petition and, in effect, dismissed the proceeding without a hearing, finding that the petitioner failed to establish the reasonableness of the settlement. The petitioner appeals.
Pursuant to Workers' Compensation Law § 29(5), an employee who is the recipient of workers' compensation benefits may settle a third-party claim arising out of the same accident without prejudice to the continued payment of benefits upon "obtaining either the written consent [*2]of the compensation carrier before the [settlement], or judicial approval of the [settlement] within three months after it" (Furtado v Mario's Bakery, 17 AD3d 527, 528; see Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19; Lobban v Brown, 125 AD3d 612, 613; Matter of Jackson v City of New York, 70 AD3d 694, 695).
"The resolution of an application for nunc pro tunc approval of a settlement pursuant to Workers' Compensation Law § 29(5) is left to the discretion of the court" (Zamfino v Furman, 1 AD3d 591, 592; see Lobban v Brown, 125 AD3d at 613; Fidelity & Guar. Ins. Co. v DiGiacomo, 125 AD3d 596, 599). Here, the petition and the supporting papers failed to include much of the information required by Workers' Compensation Law § 29(5) (see Alam v Taxi Wheels to Lease, Inc., 57 AD3d 457, 458; Matter of Snyder v CNA Ins. Cos., 306 AD2d 677, 678). Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to approve the petitioner's settlement with the third party nunc pro tunc (see Matter of Hermance v Fireman's Fund Ins. Co., 265 AD2d 328, 328-329).
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court