Matter of Delessio v York Risk Servs. Group, Inc. (2023 NY Slip Op 01291)

Matter of Delessio v York Risk Servs. Group, Inc.

2023 NY Slip Op 01291

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05079
 (Index No. 152557/19)

[*1]In the Matter of Vincent J. Delessio, appellant,
v
York Risk Services Group, Inc., etc., respondent.

Bragoli & Associates, P.C., Melville, NY (Joseph M. Sorce and Susan R. Nudelman of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Michael Schneider of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of a settlement of a personal injury action nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated February 28, 2020. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner filed a claim for workers' compensation benefits relating to a 2013 work-related injury. In 2014, the petitioner was injured in a motor vehicle accident. At the time of the accident, the petitioner was driving to a medical appointment related to his workers' compensation claim. The petitioner pursued a personal injury claim against the driver of a vehicle involved in the accident (hereinafter the third-party personal injury claim).
The petitioner also submitted an amended claim for workers' compensation benefits to encompass consequential damages related to the accident. In a decision dated December 14, 2015, the Workers' Compensation Board awarded the petitioner certain benefits based on the amended claim.
Subsequently, on March 28, 2017, the petitioner settled the third-party personal injury claim. Thereafter, in November 2019, the petitioner commenced this proceeding pursuant to Workers' Compensation Law § 29(5) for judicial approval of the settlement of the third-party personal injury claim nunc pro tunc. The Supreme Court denied the petition and, in effect, dismissed the proceeding on the ground that the petitioner's delay in seeking judicial approval of the settlement was due to his fault or neglect. The petitioner appeals.
Pursuant to Workers' Compensation Law § 29(1) and (4), an employer's insurance carrier "has a lien and offset against a claimant's net recovery resulting from a third-party action" to recover damages for personal injuries (Waters v City of New York, 256 AD2d 680, 681). "Pursuant to Workers' Compensation Law § 29(5), an employee who is the recipient of workers' compensation benefits may settle a third-party claim arising out of the same accident without prejudice to the continued payment of benefits upon 'obtaining either the written consent of the [*2]compensation carrier before the [settlement], or judicial approval of the [settlement] within three months after it'" (Matter of Carlone v Utica Mut. Assur. Co., 158 AD3d 755, 756, quoting Furtado v Mario's Bakery, 17 AD3d 527, 528; see Matter of Johnson v Buffalo & Erie County Private Indus. Council, 84 NY2d 13, 19; Lobban v Brown, 125 AD3d 612, 613).
Where a party is seeking judicial approval nunc pro tunc of a settlement pursuant to Workers' Compensation Law § 29(5), that party must demonstrate that (1) the compromise is reasonable, (2) the delay in seeking judicial approval was not attributable to the party's fault or neglect, and (3) the party whose consent is sought was not prejudiced by the delay (see Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm., 163 AD3d 558, 559-560; Lobban v Brown, 125 AD3d at 613; Matter of Williams v Orange & Sullivan Excavating Corp., 114 AD3d 802, 803; Furtado v Mario's Bakery, 17 AD3d at 528). Resolution of a proceeding pursuant to Workers' Compensation Law § 29(5) is committed to the sound discretion of the Supreme Court (see Matter of Empire State Transp. Workers' Compensation Trust v Special Funds Conservation Comm., 163 AD3d at 560; Matter of Jackson v City of New York, 70 AD3d 694, 695).
Here, the delay in seeking judicial approval was due to the petitioner's own fault or neglect. Under these circumstances, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding (see Lobban v Brown, 125 AD3d at 613).
The petitioner's remaining contention is without merit.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court